DANKMAR ADLER *et al.*

*v.*

THE WORLD'S PASTIME EXPOSITION COMPANY *et al.*

*Filed at Ottawa November 15, 1888.*

| 126 | 373 |
| 64a | 185 |
| 126 | 373 |
| 185 | 178 |
| 126 | 373 |
| 190 | ³403 |
| 126 | 373 |
| 199 | ²307 |

1. MECHANIC'S LIEN—*for what services allowed.* The statute gives no lien to an architect for keeping books, auditing accounts and making settlements with contractors employed in the erection of buildings, nor when a party performs labor as a supervising architect in the improvement of grounds and accessories.

2. SAME—*contract as an entirety—including matter not within statute.* Where the contract is for the payment of a gross sum for the entire labor agreed to be performed,—that for which the statute gives a lien as well as for that labor for which no lien is given,—the lien can not be enforced as to any part of the price to be paid. The contract, in such case, being entire, can not be apportioned, and the performance of it enforced in fragments.

3. SAME—*requisites of contract, as to time of performance.* Where it does not appear by the contract, where there is an express one, that the labor was to be performed within three years from the commencement thereof, there will be no lien. Where the contract is express, it must show that the services are to be performed within that time, or there will be no lien.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. MOSES & NEWMAN, for the appellants.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a petition brought by the appellants, against the World's Pastime Exposition Company, and others, to enforce a mechanic's lien. The contract under which the services were performed for which a recovery is sought, was in writing, and is as follows:

"CHICAGO, *April 27, 1886.*

"To the World's Pastime Exposition Co., for a compensation of five thousand (5000) dollars, we propose to furnish preliminary sketches, complete working drawings and specifications, and general superintendence of building operations, and also to audit and make settlements of all accounts for an exposition building, pavilion and grand stand, and other small buildings, to be erected for the World's Pastime Exposition on the grounds of the Cheltenham Improvement Co., Hyde Park, Illinois, and also to act as supervising architects of the general arrangement and improvement of grounds and accessories during the summer of 1886,—terms of payments to be as follows: Fifteen hundred (1500) dollars cash June 1, 1886, and fifteen hundred (1500) dollars cash upon the completion of the buildings and the settlement of all contracts.

"In all transactions between yourself and contractors we are to act as your agents, and our duties and liabilities in this connection are to be those of agents, only.

"We guarantee the correctness of our drawings and accounts, and our calculations of strength of material and stability of structure, but our pecuniary liability in connection with this building is not to exceed, in its total, the gross amount of our compensation.

"A representative of our firm will make visits to the building, for the purpose of general superintendence, of such frequency and duration as in our judgment will suffice or may be necessary to fully instruct contractors, pass upon the merits of material and workmanship, and maintain an effective working organization of the several contractors engaged upon the structure.

"We will keep upon our books a full and complete record of all matters connected with this building, and ledger accounts of all contracts and payments. Drawings and specifications are instruments of service, and as such are to remain our property.

"It is part of this proposal, that of the total compensation of five thousand (5000) dollars, three thousand (3000) dollars are payable in cash, as above stipulated, and the remaining two thousand (2000) dollars are payable in full-paid shares of the capital stock of the World's Pastime Exposition, certificate for same to be delivered to us, at our option, on or after July 1, 1886.              ADLER & SULLIVAN, *Architects.*

"Approved and accepted, Chicago, April 29, 1886.

                    WORLD'S PASTIME EXPOSITION, *Prop'r.*
(Seal.)                    MALCOM McNEILL, *President.*
Attest: H. WINSTON WALKER, *Secretary.*"

The petition, among others, contains the following averment: "That after the making of said contract, on and after the 29th of April, 1886, and in compliance with the terms and provisions of the same, complainants commenced the work under said contract, and furnished to said company the sketches, drawings and specifications therein mentioned and described, and proceeded to, and did, superintend the erection and com-

pletion of said buildings and structures, and did make settlements of all accounts, and did all other things requisite of them, by the terms of said contract, in reference to said buildings, and so continued their duties, under such contracts, until all of such buildings and structures were completed and finished, and all contracts relating to the same settled, according to the terms and provisions of said contract."

To the petition the defendants interposed a general demurrer, which the court sustained, and entered an order dismissing the petition at the cost of complainants. The judgment of the circuit court, on appeal, was affirmed in the Appellate Court, and to reverse that judgment this appeal was prosecuted.

Section 1 of chapter 82 of the statute entitled "Liens," provides, "that any person who shall, by contract, express or implied, or partly expressed and partly implied, with the owner of any lot or piece of land, furnish labor or materials, or services as an architect or superintendent, in building, altering, repairing or ornamenting any house or other building, or appurtenance thereto, on such lot, or upon any street or alley, and connected with such building or appurtenance, shall have a lien," etc. Section 3 of the act provides, that "when the contract is expressed, no lien shall be created if the time stipulated for the completion of the work or furnishing materials is beyond three years from the commencement thereof."

This case may be disposed of in a few words. Upon an examination of the contract set out in the petition, it will be found that the statute provides no lien whatever for a portion of the labor agreed to be performed. In this regard the contract reads: "We will keep upon our books a .full and complete record of all matters connected with this building, and ledger accounts of all contracts and payments." Again, in the first part of the contract they agreed "to audit and make settlements of all accounts for an exposition building, pavilion and grand stand, and other small buildings, to be erected for the World's Pastime Exposition on the grounds of the Chel-

tenham Improvement Co., Hyde Park, Illinois, and also to act as supervising architects of the general arrangement and improvement of grounds and accessories during the summer of 1886." The statute confers no lien for keeping books, auditing accounts, and making settlements with the various contractors who might have contracts in the erection of a building. Nor is any lien conferred where a party performs labor as a supervising architect in the improvement "of grounds and accessories." This labor is but the work of a landscape gardener, for which the legislature has not seen proper to confer a lien.

In connection with what has just been said, it will be observed that under the contract the petitioners were to be paid for the entire labor agreed to be performed,—that for which the statute confers a lien, as well as that for which no lien is given,—the sum of $5000. The contract is entire. There is no way in which it can be determined what portion of the $5000 shall be paid for a part of the services rendered, and what part shall be paid for another part of such labor. The entire sum named,—the $5000,—is to be paid for the entire amount of labor to be performed under the contract. The result is, as an entire contract it can not be enforced in this proceeding, for the reason that no lien is given for a part of the labor to be performed under the contract. On the other hand, the contract can not be enforced as to that part of the labor performed for which a lien is conferred by the statute, because the contract is entire, and an entire contract can not be apportioned, and the performance of it enforced in fragments. *Crosby* v. *Loop*, 14 Ill. 330; 2 Parsons on Contracts, 519, and note.

There is another fatal objection to the contract set out in the petition. It does not appear, by the contract, as we understand it, that the labor was to be performed, for which a lien is claimed, within three years from the commencement thereof. Where the contract relied upon is express, this is an essential element, which the contract must contain in order to obtain

the lien provided in the statute, as held by the court in a number of cases.   *Cook* v. *Heald,* 21 Ill. 425 ;   *Belanger* v. *Hersey,* 90 id. 71.

From what has been said, it follows that the decision of the court in sustaining the demurrer to the petition was right, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in this decision.