## William S. Barbee and Melvina D. Barbee v. Elliott W. Sproul.

1. PLEAS—*Informal Conclusions.*—Defects of form in pleading can only be taken advantage of where specifically pointed out and objected to on demurrer.

Assumpsit, on promissory notes. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed October 17, 1898.

CATLIN, MOULTON & WEBER, attorneys for appellants.

MAHER & GILBERT, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This suit was brought by appellee upon certain promissory notes made by appellants. In addition to the general issue, four special pleas were filed, each of which set up, in effect, that the notes were given to secure payment for certain building work to be done by appellee for one of appellants, and that the work was in part defectively done, and in part was not done at all. Each of the pleas was informal in its conclusion, in that it did not conclude as a plea of failure of consideration. A demurrer to these pleas, which did not specially attack this informality, was sustained by the trial court. Upon the trial appellants sought to interpose the defense of failure of consideration, but evidence in that behalf was excluded by the court, on the ground that there was no plea of failure of consideration.

The only question presented which it is necessary to consider, is as to whether the special pleas were sufficient, and whether the court erred in sustaining the demurrer to them.

If the demurrer here had specially attacked the informality of conclusion of these pleas, there is no doubt but that they must have been held bad in that technical respect. But

no such defect was thus specially pointed out by demurrer. In substance the plea averred that the notes sued on were given for the purpose of securing payment for the work contracted to be done by appellee, and for no other consideration, and that the work was not done as contracted and in part was not done at all, averring as well the extent of such failure, viz., $6,900. Aside from questions of form, this was a sufficient statement in substance of a defense of failure of consideration, and we think the demurrer as framed should have been overruled.

The judgment is reversed and the cause remanded.