## Dora E. McEvoy, Appellant, v. Court of Honor, Appellee.

1. PLEADING—*when special demurrer required.* In order to reach a matter of form in a pleading the demurrer must be special and must minutely and specifically point out the exact matter of form that it is sought to reach.

2. INSURANCE—*when limitation clause as to cause of action not enforced.* Such clause will not be enforced where the policy likewise provides that no action shall be brought until the proofs of loss have been presented to and passed upon by the company: It appearing in this case that proofs of loss were presented to the company and not passed upon within the period of limitation provided for the bringing of suit.

Assumpsit. Appeal from the Circuit Court of DeWitt county; the HON. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 14, 1911. Rehearing denied and opinion modified November 8, 1911.

J. C. OAKES and INGHAM & INGHAM, for appellant.

LEWIS FITZHENRY and LEMON & LEMON, for appellee; WILLIAM B. RISSE, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action in assumpsit brought on a benefit certificate issued by appellee upon the life of Alfred J. McEvoy, husband of appellant. To the declaration filed herein, appellee among other pleas, filed a plea

setting forth that the benefit certificate and the constitution provided that no action should be brought upon the certificate unless such action was brought within one year from the date of the death of the insured and alleging this to be a valid provision of the policy, that action was not brought within such time and was, therefore, barred by the terms of the contract. To these pleas appellant replied severally. No question is raised except as to the sufficiency of the second amended replication filed by appellee to this plea; this replication confessed this plea and avoided it by alleging in apt language and averments that the constitution of appellee also provided that no action should be maintained upon said certificate until after proofs of death, and claimant's rights to benefits as required, were filed with the Supreme Recorder and passed upon by the Board of Supreme Directors of appellee, and averred that within three months after the death of the insured proper and sufficient proofs of loss were furnished as provided by the certificate and the by-laws and that it then became the duty of the Board of Supreme Directors of appellee to pass upon said proofs and to inform plaintiff of the result of said action within one year from the date of the death of the insured. The replications further set forth that appellee had not given appellant any notice of any action taken by the Board of Supreme Directors within one year from the date of the death of the insured, and that by reason thereof appellant should not be barred from maintaining this action. This replication concluded with an appeal to the country instead of with a verification. To this replication appellee filed a general demurrer with an attempt to make the demurrer special by adding the following "and for further cause of demurrer defendant shows that said replication tenders issue."

It is contended by appellee that this language made the demurrer "special" and that it is sufficient to reach

the defect in the form of replication in concluding to the country instead of with a verification.

In order to reach a matter of form in a pleading the demurrer must be special and must minutely and specifically point out the exact matter of form that it is sought to reach. Gould—p. 466 (ed. by Hamilton); Bogardus v. Trial, 1 Scam. 63; Barbee v. Sproul, 78 Ill. App. 532.

By the use of the language "It tenders issue" appellee did not specifically point out the fact that the replication averred new matter in avoidance of the plea and for that reason was defective in not concluding with a verification instead of an appeal to the country.

The plea being good in substance notwithstanding the irregularity in form and the demurrer not being sufficient to reach a matter of form the demurrer should have been overruled.

To hold that appellant is barred by reason of the provision of the by-laws and the certificate and that no suit shall be maintained unless brought within one year after the death of the insured, while appellee's constitution also requires that no suit can be maintained until after claim has been passed upon by the Board of Supreme Directors, is to permit the Board of Supreme Directors, by delaying action on the proofs and claim under the benefit certificate, to defeat any action against its order.

This replication averred that proofs of loss were furnished within three months after the death of the insured. If appellee desired to take advantage of the clause of its policy and constitution which provided that no action should be brought within one year after the death of the insured it then became and was its duty to act thereon and to notify the beneficiary under the policy of such action within the time in which the suit could be brought by the beneficiary under the terms of the policy. Failure to do this was neglect of duty on

the part of appellee, and it cannot be permitted to take advantage of its own wrong. C. B. A. v. Loomis, 142 Ill. 560; S. U. N. A. v. Colehouse, 131 Ill. App. 349.

The demurrer confessed the averments of this replication and the replication set forth complete avoidance of the plea. From the judgment rendered it is evident the court sustained the demurrer both on account of form and substance.

The judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*