## Dora E. McEvoy, Appellee, v. Court of Honor, Appellant.

1. Appeal and error § 1818*—*conclusiveness of decision of Appellate Court on former appeal.* Prior decision of Appellate Court on a former appeal as to the sufficiency of a replication is conclusive on a subsequent appeal.

2. Appeal and error, § 1442*—*when permitting withdrawal of deposition not error.* A party has a right to withdraw his deposition prior to the time of the trial if he sees fit to do so, and it is not error for trial court to permit its withdrawal where the witness was present in court and the other party could have used him as a witness.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

3. APPEAL AND ERROR, § 1361*—*when not error for trial court to deny leave to file additional plea.* Granting of leave to file additional pleas is discretionary with the trial court, and unless in denying the motion the court has abused the exercise of its discretion, there is no error in denying the leave.

4. INSURANCE, § 788*—*when evidence insufficient to show that insured's use of intoxicating liquor avoided the insurance.* In an action on a benefit certificate to recover insurance, where the by-laws and the policy provide that if the insured should use intoxicating liquors to the extent of impairing his health the policy shall be void, *held* that the evidence of the insured's use of intoxicating liquors was insufficient to show that his health was impaired thereby, though it showed that he did occasionally use intoxicating liquors to excess.

Appeal from the Circuit Court of DeWitt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913. *Certiorari* denied by Supreme Court (making opinion final).

FITZHENRY & MARTIN and LEMON & LEMON, for appellant; WILLIAM B. RISSE, of counsel.

INGHAM & INGHAM, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action on a benefit certificate issued by the defendant to one A. J. McEvoy, in his lifetime, plaintiff is the beneficiary, and recovered a judgment against defendant for the amount of the policy, defendant prosecutes this appeal to reverse that judgment.

This cause was before this court on appeal from former judgment in favor of defendant. At that time the question presented was the action of the trial court in sustaining the demurrer of defendant to the second amended replication to defendant's sixth plea. The substance of the plea and the replication are fully set forth in the former opinion of this court in *McEvoy v. Court of Honor,* 163 Ill. App. 556. Upon that hearing this court then held that the court erred in sustaining the demurrer, that the replication was an answer

to the plea, and reversed the judgment directing the lower court to overrule the demurrer. After the cause was reinstated in the trial court the demurrer was overruled as directed by this court. Defendant refused to join issue but elected to stand by its demurrer, and in its presentation of this cause at this time insists that the court improperly sustained that demurrer. The question as to the sufficiency of that replication was determined by this court upon the former hearing (163 Ill. App. 556), and the question is not now open for discussion in this court, and we will make no further comment thereon.

Issue was joined upon the other replications filed and trial had by the court without a jury. To the declaration defendant filed various pleas, which were, in substance, that the deceased made false and fraudulent representations and warranties in his application for insurance, that the by-laws and policy issued provided that if the defendant should use intoxicating liquors or narcotics to the extent of injuring or impairing his health the policy should be avoided thereby, and that the death of the deceased was caused by reason of the excessive use of intoxicating liquors. The burden of proving these pleas was upon the defendant, and while the facts disclose that at the time of the making of the application for insurance by the deceased he did use intoxicating liquors; that he continued the use thereof up to the time of his death; that a short time before the death of the deceased he became intoxicated and that this brought on a condition of diabetic coma from which he never recovered, and the defendant insists that his death was caused indirectly by this use of intoxicating liquors, and that the use of intoxicating liquors produced an acute state of this disease which resulted in his death.

The provisions of the policy, instead of providing that the use of intoxicating liquors should avoid it, are that in order to avoid the policy the insured must use intoxicating liquors to such an extent as to impair his

health, and the defendant insists that this is shown by the showing that the deceased became intoxicated one or more times, and asked the court to so hold in the propositions of law submitted to it, but the court properly refused to hold that such use of intoxicating liquors avoided the policy. There is no contention that the deceased did not comply with all of the rules and regulations of the order, except the alleged violation in the use of intoxicating liquors, and paid his dues therein, and was a member in good standing. There is no defense to this policy unless it can be held under the evidence in this record that the deceased either was at the time or after the issuance of the policy became addicted to the use of intoxicating liquors to such an extent as to impair his health. While it is shown that he did occasionally use intoxicating liquors to excess, there is no evidence that will justify the conclusion or support the contention that the use of intoxicating liquors ever impaired his health or in any way shortened the life of the deceased.

Prior to the time of the trial in the lower court the deposition of appellee was taken in the State of Mississippi, where she then resided. Before the trial this deposition was withdrawn from the files of the clerk by appellee by permission of the court. On the day upon which the case was tried appellant asked leave to file one additional plea. This plea related and set forth the facts which averred forfeiture of the certificate, the court denied the application to file this plea at that time, and appellant insists that the court erred in permitting appellee to withdraw the deposition and also in denying the right to appellant to file this additional plea.

Appellee had the right to withdraw her deposition prior to the time of the trial if she saw fit to do so; the court did not commit any error in permitting her to withdraw it. *Adams v. Russell,* 85 Ill. 284; *Doggett v. Greene,* 254 Ill. 134.

She was present in court at the time of the trial, and if appellant desired to use her as a witness they had the opportunity to do so.

Upon the contention that the court erred in denying appellant the right to file this additional plea, the matter of granting leave to file additional pleas is discretionary with the trial court, and unless in denying the motion the court has abused the exercise of this discretion, there is no error in denying the leave, and we are satisfied that it was not an abuse of the discretion of the court in denying this motion, and that it committed no error in so doing. *Pierpont v. Johnson,* 104 Ill. App. 28; *Fisher v. Greene,* 95 Ill. 94.

We find no error of the court either in the admission or rejection of evidence, nor any reversible error in the holding of propositions of law submitted to it.

The judgment is, therefore, affirmed.

*Affirmed.*