### James Fleming, Defendant in Error, v. T. I. Galloway et al., Plaintiffs in Error.

1. CONTRACTS, § 171*—*construction as entirety.* A building contract must be considered as an entirety.

2. MECHANICS' LIENS, § 20*—*what is necessary to support lien in favor of contractor.* Every element of the contractor's agreement must be lienable, to support a mechanic's lien.

3. MECHANICS' LIENS, § 196*—*when shown contract was for material and labor.* On a bill to foreclose a mechanic's lien, evidence *held* to show that the contract was for material and labor.

4. MECHANICS' LIENS, § 20*—*what does not affect right to lien of contractor for work and material.* A collateral agreement on the part of the contractor to assist the owner in getting a loan to be used in paying for the contractor's work and material does not affect the latter's right to a lien for such work and material.

5. MECHANICS' LIENS, § 149*—*when notice to commence suit does not comply with Mechanics' Liens Act so as to bar suit.* Notice given by one who, though in possession of the premises, claims no

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

interest therein, but is merely a tenant by sufferance, or by the attorney of one in whose name, without her knowledge or consent, title to the property has been placed, though it is, in fact, owned by another, is not a sufficient compliance with the requirements of Rev. St. ch. 82, sec. 34, par. 48 (J. & A. ¶ 7172), to bar a suit to foreclose a mechanic's lien.

6. MECHANICS' LIENS, § 83*—what does not affect contractor's right to lien. That a contractor filing notice of claim under the Mechanics' Liens Act (J. & A. ¶ 7139 et seq.), and the one under the contract with whom the lien was claimed were strangers to the record title does not affect the contractor's right to a lien, where the real parties in interest had actual notice of his claim.

7. MECHANICS' LIENS, § 85*—what is purpose of statute requiring statement by contractor to owner of claims of persons furnishing material or labor. The purpose of the provision in Rev. St. ch. 82, sec. 5, par. 19 (J. & A. ¶ 7143), requiring a statement to the owner by one claiming a mechanic's lien, is to protect the owner in payments to contractors against claims of persons furnishing material or labor, and it is not intended to make the giving of the statement a prerequisite to a suit to foreclose a mechanic's lien in which the rights of all persons interested can be protected.

8. APPEAL AND ERROR, § 1570*—when decree foreclosing mechanic's lien is not reversibly erroneous. That the decree foreclosing a mechanic's lien and a mortgage lien directs that the holder of the paper title pay such liens is not ground for reversal, where the decree directs that in default of such payment the property be sold and the proceeds applied to the liens, and contains no provision for a deficiency decree.

Error to the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed November 1, 1918.

THOMPSON & THOMPSON, for plaintiffs in error.

W. F. SPILLER and MOSES PULVERMAN, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Defendant in error, James Fleming, filed a bill in chancery in the Circuit Court of Franklin county

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

against T. I. Galloway, Louis Pierce, Yetta Jones, R. C. Jones and Ed Gower to foreclose a mechanic's lien on a certain lot in Christopher, Franklin county, Illinois. T. I. Galloway, Yetta Jones and Ed Gower answered the bill and defendant in error filed replication thereto. Ed Gower also filed a cross-bill to foreclose a mortgage lien held by him, and Fleming filed an answer thereto. Louis Pierce and R. C. Jones, having failed to plead to either the bill or the cross-bill, were defaulted and the allegations in the bill and cross-bill were ordered taken as confessed by them. T. I. Galloway and Yetta Jones failed to plead to the cross-bill and the allegations thereof were ordered taken as confessed by them.

The bill alleges that about September 1, 1911, Pierce was in possession of the lot in question; that he entered into an oral contract with Fleming to improve the same with a house, barn, henhouse and well, the improvements to be completed within a reasonable time, to cost $1,050, and to be paid for as soon as Fleming could secure a loan for Pierce on the lot for that amount; that Fleming furnished the material and labor, completed the improvements and offered to procure the loan; that Pierce refused to execute the papers, with the knowledge and consent of Horn, Dimond & Mitchell, who had the title to said lot, Pierce having only a contract for a deed; that Fleming procured the loan for Pierce but the latter declined to execute the papers and refused to pay said sum; that Fleming had a lien on the lot for the amount claimed due; that Galloway, acting as agent for H. S. Campbell, purchased said lot with knowledge of Fleming's lien; that Campbell conveyed the lot to Yetta Jones and R. C. Jones, Galloway acting as agent for them; that Galloway with knowledge of Fleming's lien secured a loan on said lot for Yetta Jones and R. C. Jones from Ed Gower to the amount of $750, to se-

cure which a mortgage was given by them to Gower; that the interest of Gower accrued after and was subject to Fleming's lien; that on February 28, 1912, Fleming filed in the office of the clerk of the Circuit Court of said county a statement of his lien. The bill asks to have Fleming's claim declared a lien and for other relief and makes the necessary parties.

The court found that the equities were with Fleming; that his claim was a first lien on the premises and the amount due him was $1,206; that there was due Ed Gower from Yetta Jones and R. C. Jones $750, secured by mortgage on the premises which was a second lien on the premises. It was decreed that Yetta Jones pay to Fleming his debt, interest and costs within 30 days; that the mortgage of Ed Gower be foreclosed and that Yetta Jones pay Gower's debt, interest and costs within 30 days, and in default of payment of the said liens the master in chancery shall sell the premises and discharge the liens in their order of priority. T. I. Galloway, Yetta Jones and Ed Gower bring the record to this court for review on writ of error, assigning a number of errors. They insist that a building contract must be considered as an entirety and, to support a mechanic's lien, every element of the contractor's agreement must be lienable, citing among other cases *Adler v. World's Pastime Expos. Co.*, 126 Ill. 373. Their contention is that the contract in this case is not such a contract for the reason that a lump sum of $1,050 was to be paid for furnishing the material, erecting the improvements and placing the loan of said amount, a part of which was lienable and a part not. Conceding the doctrine as to the law to be true as above stated, it is not applicable here for the reason that a fair interpretation of the contract between Pierce and Fleming is that the consideration of $1,050 was to be paid for material and labor. The evidence shows that the original price

fixed was $1,000, but that Pierce was not satisfied with the material to be used and that a better grade of material was used and the price later fixed at $1,050 to cover material and labor. At that time no one but Fleming and Pierce were concerned in the contract, and they had a right to make the change, which they did make. The new contract was the one on which Fleming based the statement which he filed for a lien, and which he has since claimed under. The proof further shows that Fleming agreed to assist Pierce in getting a loan to be used in paying for the work and material, but this could not affect the right of the contractor and the lien upon the premises for the work and material furnished by him. The rule laid down by the above authorities is that everything which the contractor undertakes to do in and about the construction of the building or buildings must be lienable, and it has nothing to do with the provisions for raising money to pay for the improvements or other matters not concerned with the building operations. After the work was completed, Pierce was given a reasonable time to pay for the same and failed to do so. Fleming then filed his statement of lien, clearly showing that the claim was for material and labor which fall within the statute as a basis for the lien.

Plaintiffs in error insist that this suit is barred because it was not brought within 30 days after demand as provided by chapter 82, par. 48, sec. 34, Rev. St. (J. & A. ¶ 7172), namely: "Upon written demand of the owner, liener, or any person interested in the real estate, or their agent or attorney, served on the person claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within thirty days thereafter, or the lien shall be forfeited, and the same released if a claim for a lien has been filed with the clerk of the Circuit Court." To take advantage of

that section of the statute it is necessary that the demand be by a person falling within the classes named therein, viz.: "Owner, liener, or any person interested in the real estate, or their agent or attorney." Pierce's contract for a deed from Horn, Dimond & Mitchell was dated September 5, 1911. It was canceled December 2, 1911. On April 9, 1912, Pierce caused to be served on Fleming a demand to bring suit to enforce his lien. On May 16, 1912, he had served a demand that the claim for lien be released of record. There is nothing in either demand to show that Pierce came within either of the classes named in the statute, as entitled to make the demand. Pierce testified that when Galloway came and was talking of buying the property he, Pierce, said: "For heaven's sake, I am ready to give it up if you can make arrangements with the people to pay for it. All I want is my contract, and they took my contract and made it null and void so I wouldn't be responsible for nothing in this." He further testified that he did not pay rent because he did not know whom to pay; that he told Galloway and Campbell of Fleming's claim and that he wanted Fleming paid; that in consideration of those arrangements he stepped out and turned the property over to Galloway and Campbell. The evidence shows that on and after December 2, 1911, the day his contract was canceled, Pierce claimed no interest whatever in the property. At most Pierce had mere possession, was not claiming any interest and was only a tenant at sufferance. On April 9, 1912, the day the demand to bring suit was served, and on May 16, 1912, the day the demand to release the claim of record was served, he was not a party interested as defined in the statute and did not fall within one of the classes named therein as authorized to make the demand. The notices given by him were therefore not sufficient to bar the suit. On July 23, 1912, Yetta Jones, by T. I. Galloway, her attorney, had

served on Fleming a demand to bring suit to enforce his lien, and on August 24, 1912, she, in the same way, had served on Fleming a demand that the claim be released of record. Mrs. Jones testified that she knew nothing about this property, if she had a deed to it she did not know it, she never gave any one permission to have the title put in her name, paid nothing for it, did not know the description of the property and did not know she was the owner of it. Galloway testified that he owned the property in question at the time of the demands purporting to be given by Mrs. Jones; that there was a judgment against him in the Circuit Court for $700 and he took title to the same from Campbell in the name of Yetta Jones for that reason. From this it would appear Yetta Jones, by whom the demands purport to be made, does not fall within either class mentioned in the statute and authorized to make the demands. Her demand was therefore not sufficient to bar the suit. To hold otherwise would be to assist Galloway in taking advantage of acts whereby he on the one hand concealed his ownership of the premises from his judgment creditor and on the other received the benefit of the improvements placed upon the same by Fleming without paying for the same, a state of affairs which cannot be tolerated in a court of equity.

Plaintiffs in error further contend that Fleming and Pierce were strangers to the record title and for that reason filing notice of claim by Fleming under his contract with Pierce was not constructive notice of his claim to the real parties in interest. The testimony shows that Galloway and Gower knew all about Fleming's claim at the time they became interested in the premises, and the notice was therefore good as to them, and Yetta Jones having disclaimed any interest cannot complain. Plaintiffs in error insist that the contractor having failed to make a statement to the owner, as provided for in chapter 82, par. 19,

sec. 5 of the Mechanics' Liens Law (J. & A. ¶ 7143), Fleming cannot maintain the suit. The object of that section of the statute is evidently to protect the owner in payment to contractors against claims of persons furnishing material or labor. In case the owner should make such payment without requiring such notice, he would not be protected, but this provision of the law is evidently not intended to make the giving of such statement a prerequisite to a suit of this kind where all parties having rights connected with the premises can be protected. Plaintiffs in error also insist that the contract was not completed. There is some conflict in the testimony on that point, but Fleming testified that it was, and the trial court having decided that it was, we shall not disturb its findings on that point. Plaintiffs in error further complain because Yetta Jones was decreed to pay the liens to enforce which the two bills were filed. She was a necessary party to the suit by reason of her paper title and because she gave the mortgage to Gower, but a reading of the decree shows that the order against her to make these payments was only preliminary to the further order that in default thereof the property in question be sold at public vendue and the proceeds thereof devoted, after the payment of costs, to paying first the claim of Fleming under his mechanic's lien and next the amount due Gower upon the note secured by mortgage given by her. No provision is made for any deficiency decree in case the sale of the premises shall not produce enough money to pay these claims, and it is certain that under the facts in this case no deficiency decree could properly be rendered against her to pay any amount that might be lacking on either of said claims, so she can be in no manner injured by the form of the decree.

While other questions are raised by defendant in error, all of which we have considered, we do not think they affect the substantial merits of the decree in

this case, nor that the limits of this opinion should be extended to discuss them in detail. It follows from what we have above said that the decree of the court below in this case should be and it accordingly is affirmed.

*Affirmed.*