G. L. Drollinger and Ben Drollinger, Trading as G. W. Drollinger & Sons, Appellants, v. Erwin E. Cowen et al., Appellees.

Gen. No. 32,929.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929.

Louis W. Mack, for appellants.

A. S. and E. W. Froehlich, for appellees.

Mr. Justice Matchett delivered the opinion of the court.

This is an appeal by the complainants from a decree which sustained a general demurrer of the defendants to the bill of complaint and dismissed the same for want of equity at complainants' costs.

The bill was brought to secure the foreclosure °of an alleged mechanic's lien and for general relief. It is urged that the bill is defective for want of a necessary party—Ben Drollinger.

A motion was heretofore made to dismiss the appeal for the reason, as alleged, that the only party complainant was G. L. Drollinger, known as Leo Drollinger, while the appeal is prosecuted by Leo Drollinger and Ben Drollinger.

In the bill G. L. Drollinger states that the suit is brought on behalf of himself and his brother and partner, Ben Drollinger, doing business under the firm name of G. W. Drollinger & Sons, and alleges that they entered into the contract with the defendant upon which the claim for lien is based.

The motion was denied and for the same reasons this point (supported by the same arguments as the motion) cannot be allowed.

The bill was filed March 6, 1928. It alleges in substance that on or about January 20, 1927, complainants entered into a contract with the defendant, Erwin E. Cowen, for the construction of a building on certain real estate in Chicago, Illinois, specifically described, which building was to contain thirty-six 3-room kitchenette apartments, six 2-room kitchenette apartments, seven 4-room apartments and 6 shops, according to a certain written contract which is attached to the bill; that at the time of making the contract the legal title was in Erwin E. Cowen; that the complainants erected said building in compliance with the contract, furnishing all the necessary labor and material, and complied with the provisions of the contract in every respect except that whereas the contract provided the building should be completed by September 1, 1927, the same was not completed until later because of the actions of Erwin E. Cowen, and that this part of the contract was waived; that on October 28, 1927, Erwin E. Cowen accepted and went into possession of the building which

he later transferred to Edward E. Cowen, who in turn transferred it to Clara Vaughan, on or about December 8, 1927.

It is also alleged that the contract price of the building was $202,200; that there was a stipulation to take up the first mortgage which was then on the vacant property; that complainants paid the sum of $186, being the credit on six months' interest from the bank which made the first mortgage; that complainants have received the total sum of $185,916, leaving a balance due them of $36,576, which Erwin E. Cowen agreed to pay with interest on October 28, 1927, and for which amount complainants are entitled to a lien; "that they filed their notice of claim for lien for said aforementioned amount of $36,576 within the statutory time in the Circuit Court of Cook County, in such cases made and provided."

The agreement attached to the bill states:

"It is also understood and agreed by and between the parties hereto that said price of two hundred two thousand and two hundred ($202,200) dollars shall (include the payment of interest on the first mortgage for a period of six months from date of signing thereof; and shall also include all recording fees which may be necessary to complete said mortgage; also guaranty policy bill, and shall also include fire insurance for five years, sufficient to cover first mortgage, surveying and plan, and shall also include printing bonds, certifying the same and the regular rate of commission for making of said first mortgage)."

The trial court was apparently of the opinion that this contract was an entire one for a single contract price; that since it included both lienable and nonlienable items, no claim for lien could be allowed, and for that reason sustained the general demurrer and dismissed the bill upon the authority of *Cronin v. Tatge*, 281 Ill. 336.

The sole question in that case was whether the lien

law authorized a lien on adjacent property for work done in the way of paving, laying gas and water mains and sewer connections which were not connected with the lot upon which the lien was asked. It was held that such lien could not be allowed. It also appeared that the contract covered the cost of a sidewalk which was adjacent to the lot in question; that the contract was an entire one for all the work at one price, and it was therefore impossible to separate the lienable from the nonlienable items. It was held no lien could be allowed for any of the items. The record there disclosed a hearing upon the merits, not, as here, a decision of the court upon a demurrer to the bill.

In the latter case of *Mutual Const. Co. v. Baker,* 237 Ill. App. 596, the third division of this court held (the evidence in the record being such as to make it possible to determine that the nonlienable items amounted to less than the amounts which had been paid upon the contract) that the complainant was entitled to a lien for the balance due, applying the general equitable principle that equity will credit payments so as to give a creditor the best security for the debt remaining unpaid. (*Monson v. Meyer,* 190 Ill. 105; *Barbee v. Morris,* 221 Ill. 382.) The court there held that *Cronin v. Tatge,* 281 Ill. 336, was not inconsistent with such construction. A petition for certiorari was later filed in the Supreme Court but denied, thus making this opinion final.

We think it appears from the facts of the bill here that the lienable items can be separated from the nonlienable ones and that *Cronin v. Tatge, supra,* is therefore not applicable.

The defendants also seek to sustain the ruling of the court upon the demurrer by pointing out that it was necessary for the complainant to show in his bill that he had within four months after the date of the completion of the work filed a sufficient claim for lien duly

verified in the office of the clerk of the circuit court, since it appears that suit was not instituted within the 4-month period. Section 7 of the Mechanics' Liens Law, Cahill's St. ch. 82, ¶ 7, seems to require that a proper claim for lien should be filed in the office of the clerk of the circuit court or suit begun within four months. We have above set forth the averments of the bill in this respect. It alleges that the claim for lien was filed in the circuit court, not in the office of the clerk of the court. It does not specifically allege that the claim for lien was verified by affidavit or that it contained a correct description of the lot or lots of land, although these facts may be inferred from the allegation that the claim was filed as required by the statute.

If a special demurrer had been interposed pointing out the defects in the bill in this respect, we have no doubt it would have been properly sustained. A general demurrer, however, was not sufficient. *McEvoy v. Court of Honor,* 163 Ill. App. 556; *People ex rel. McGraham v. Armstrong,* 196 Ill. App. 199.

For the reasons indicated the decree is reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*

O'Connor, P. J., and McSurely, J., concur.