VERPLANK  CONCRETE  &  SUPPLY,  INC.,  Plaintiff-Appellant,  *v.*
LAWRENCE E. MARSH, d/b/a Marsh Stud of LeRoy, *et al.*,
Defendants-Appellees.

Fourth District   No. 13217

Opinion filed August 5, 1976.

GREEN, J., specially concurring.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (John E. Fick, of counsel), for appellant.

Costigan, Wollrab, Fraker, Wochner & Neirynck, of Bloomington, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This case involves the sufficiency of the pleadings in an action brought under the Mechanics' Liens Act (Ill. Rev. Stat. 1973, ch. 82). The trial court dismissed the petition to foreclose the lien on the ground that plaintiff failed to allege sufficient contacts with the owner or prime contractor to sustain a lien and on the ground that the petition alleged both lienable and nonlienable items which the court was unable to separate.

The facts alleged are these. Defendant Lawrence Marsh entered into a contract with defendant Clyde Dial Construction, Inc., as prime contractor for the construction of a horse barn. Clyde Dial then executed a contract with Corley Concrete, as subcontractor, to provide precast concrete columns, girders, wall panels and roof tees. Corley then entered into a contract with plaintiff Verplank Concrete and Supply, Inc., under which Verplank was to provide concrete mix to Corley's manufacturing plant. Verplank delivered the concrete in its mixing trucks, Corley manufactured the above mentioned items, and they were delivered to and incorporated in the horse barn. Verplank submitted separate bills totaling $15,790.79 for the concrete and for "truck rental," but Corley failed to pay. Verplank filed a claim for a lien on the Marsh property. It then sued praying that the court compel payment by the defendant or foreclose the lien. Corley defaulted and is not a party to this appeal.

■■ Plaintiff's petition does not allege a contract between it and the two remaining defendants. For this reason, argues the defendant, plaintiff's petition must fail because it does not meet the requirements of section 1 of the Mechanics' Liens Act (Ill. Rev. Stat. 1973, ch. 82, par. 1), which describes the persons entitled to a lien as follows:

> "Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land."

However, Verplank did allege a contract with a subcontractor, Corley. Thus, section 2 of the Mechanics' Liens Act (Ill. Rev. Stat. 1973, ch. 82, par. 22) applies. It reads, with names inserted:

> "When the contractor [Clyde Dial] shall sub-let his contract or a

specific portion thereof to a sub-contractor [Corley], the party furnishing material to or performing labor for such sub-contractor [plaintiff Verplank] shall have a lien therefor; and may enforce his lien in the same manner as is herein provided for the enforcement of liens by sub-contractors."

The language of this section makes clear that Verplank is alleging sufficient contacts with defendants to allow him to bring an action against them as a subcontractor under the Mechanics' Liens Act.

a contract both for concrete and for truck rental, plaintiff has alleged a contract for a lump sum which embraces both lienable and nonlienable items that the court cannot separate. Clearly, if lienable and nonlienable items cannot be separated, the entire lien is defeated. *Adler v. World's Pastime Exposition Co.* (1888), 126 Ill. 373, 18 N.E. 809.

■■■ We hold, however, that under the peculiar circumstances of this case, the entire claim for both concrete and truck rental is lienable. As a general rule, only that which is actually used, or incorporated into the building, is lienable. (*Hoier v. Kaplan* (1924), 313 Ill. 448, 145 N.E. 243.) In this case the rule would allow a claim only for the concrete itself. The underlying theory of the mechanics' lien laws, though,

"* * * is that the owner of the fee is benefited * * * and that he, having received that benefit, should in right and justice pay for such benefit when it was induced or encouraged by his act." *Rasmussen v. Harper* (1936), 287 Ill. App. 404, 410, 5 N.E.2d 257.

■■ In this case the owner of the fee was benefited by Verplank's concrete. He was benefited, however, to a much greater extent than just the value of sand, water, gravel, and cement. The use of the mixing trucks gave these elements value and preserved that value until the concrete was poured. In most cases, without mixing trucks concrete would be worthless if it had to be transported any distance at all. In our view, therefore, the expense of the use of the trucks was part of Verplank's manufacturing cost and part of the price of the material which Clyde Dial eventually incorporated into Marsh's building. For this reason, we believe a lien may be imposed for the truck rentals as well as for the concrete itself. This rationale was applied when a lien was allowed for costs of repairs of minor items on machinery made necessary in the process of improving a fee owner's property. *Arrow Contractors Equipment Co. v. Siegel* (1966), 68 Ill. App. 2d 447, 216 N.E.2d 181.

We have no doubt that had Verplank not itemized his bills and mentioned truck rental but rather made a single charge for the concrete as delivered, the entire price would have been allowable in the claim for a lien. Placing form over substance would not in any way advance the purposes of the Mechanics' Liens Act.

For these reasons, the trial court's judgment dismissing the petition is reversed.

TRAPP, P. J., concurs.

Mr. JUSTICE GREEN, specially concurring:
I agree that the judgment of dismissal should be reversed. Under the rule of *Hoier v. Kaplan*, however, on remand I would limit any lien proved to the amount to be paid for the concrete. Although *Adler v. World's Pastime Exposition* holds that a lien is defeated if lienable and nonlienable items cannot be separated, here the bills attached to the complaint indicate that a clear separation can be made. See *Drollinger v. Cowen* (1929), 251 Ill. App. 215.