FLADER PLUMBING & HEATING COMPANY, Plaintiff-Appellant, v. GEORGE CALLAS *et al.*, Defendants-Appellees.

First District (1st Division)   No. 86—1158

Opinion filed May 23, 1988.

Goble & Axelrod, of Chicago (Roger C. Goble, of counsel), for appellant.

Marinakis & Marinakis, of Chicago (Christ G. Marinakis, of counsel), for appellees.

JUSTICE MANNING delivered the opinion of the court:

Flader Plumbing & Heating Co. (plaintiff) filed this action against the Bank of Ravenswood, trust No. 25—3857, Sam Callas and George Callas (defendants). On November 12, 1980, the plaintiff, Flader Plumbing & Heating Co., entered into an oral contract with the tenants of 3445 West Dempster in Skokie, Illinois, to install plumbing and bathroom fixtures, correct plumbing that had been previously installed, and perform other related plumbing work. Flader agreed to perform the work on a time and material basis. On January 5, 1981, plaintiff completed the work with an outstanding balance due of $32,482.32. Plaintiff was previously paid $5,000 while the job was still in progress.

Plaintiff did not inquire regarding the identity of the landlord until at least a year after the work was completed. Such inquiry was initiated due to difficulties Flader was experiencing in collecting the outstanding balance. Moreover, when he entered into the contract, he did not raise any questions regarding provisions of the lease relative to trade equipment, fixtures, or mechanic's lien claims. On April 24, 1981, plaintiff filed a mechanic's lien with the Office of the Recorder of Deeds of Cook County.

In March 1982, Flader received a notice that a bankruptcy proceeding had been filed in the United States Bankruptcy Court by Monakosta, Inc., which allegedly enjoined Flader from proceeding with its lien foreclosure since he was named as one of the creditors. In July 1982, Flader filed a complaint in the United States Bankruptcy Court to modify the automatic stay resulting from the bankruptcy proceeding, and on December 1, 1982, an order was entered permitting Flader to file a lien foreclosure action naming Monakosta, Inc., as the debtor. On January 13, 1983, Flader filed its suit to foreclose its mechanic's lien against Monakosta, Inc., d/b/a Reel People,

Bank of Ravenswood, trust No. 25—3857, Chris Karakosta, Dimitri Karakosta, Leon Monachas, Sam Callas, George Callas, and unknown owners. It was stipulated by counsel that a bankruptcy petition was not filed by any of the three tenants named on the lease. In addition, the record does not reveal that a bankruptcy petition was filed by any of the parties to this appeal.

A bench trial began on December 9, 1985. The only defendants in this suit are the Bank of Ravenswood, trust No. 25—3857, Sam Callas and George Callas. Defendants Monakosta, Inc., d/b/a Reel People, Christ Karakosta, Dimitri Karakosta, Leon Monachas and unknown owners were dismissed by the trial court upon motion by the plaintiff's attorney during the trial. On November 8, 1984, plaintiff filed its second amended complaint, asserting that it is entitled to $24,700.79 for a mechanic's lien after distinguishing between lienable and non-lienable work.

Flader introduced into evidence his job folder which included a daily summary of hours spent on the job, weekly summaries of the time spent at the restaurant and the materials used for the job. However, it was indeterminable what type of work was done on a particular day or how much time or material was utilized for a particular item. At the close of the plaintiff's evidence, the defendant moved for a directed finding. On December 23, 1985, that motion was denied by the trial court. However, on January 17, 1986, the defendant moved to reconsider the order entered on December 23, 1985. On February 5, 1986, the trial court granted defendant's motion for reconsideration and dismissed the case. Plaintiff's subsequent motion for reconsideration of the February 5, 1986, order was denied and this appeal followed.

Plaintiff contends that the trial court improperly directed a finding in favor of the defendants at the close of the plaintiff's case arguing that the plaintiff presented enough evidence for this court to determine what is lienable work. The Mechanics'. Liens Act provides in pertinent part:

> "Any person who shall by any contract *** with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land ***, or to furnish material, fixtures *** or perform any services *** on a lot or tract of land *** has a lien upon the whole of such lot or tract of land *** for the amount due to him for such materials, fixtures, *** services or labor." Ill. Rev. Stat. 1985, ch. 82, par. 1.

■ The defendants maintain that the trial court properly directed

a finding in their favor when the plaintiff failed to produce sufficient evidence for the trial court to determine which portion of the work was lienable. We agree. Lienable work must be separable from non-lienable work and the total amount due must be apportionable or the entire lien is defeated. *Adler v. World's Pastime Exposition Co.* (1888), 126 Ill. 373, 377, 18 N.E. 809; *Verplank Concrete & Supply, Inc. v. Marsh* (1976), 40 Ill. App. 3d 742, 744, 353 N.E.2d 27; *BRL Carpenters, Ltd. v. American National Bank & Trust Co.* (1984), 126 Ill. App. 3d 137, 142, 466 N.E.2d 1166.

Plaintiff was given several opportunities to provide the trial court with evidence of the work that was lienable and that which was non-lienable. Specifically, on July 17, 1984, the trial court found that the bill of particulars submitted by the plaintiff included both lienable and nonlienable work and ordered the plaintiff to amend his complaint to separate the lienable from the nonlienable work in order to enforce a claim for mechanic's lien.

Plaintiff filed a second amended complaint for foreclosure of mechanic's lien on November 8, 1984, attaching a list of what was considered as a summary of lienable work (exhibit F). However, during the cross-examination of Bill Flader, president of Flader Plumbing & Heating Co., he admitted that there were items on exhibit F which were nonlienable, such as plugged gas lines and connected water lines in the basement. Flader further testified that he could not say what is lienable and what is nonlienable, nor could he allocate the time and material for each item during the nine weeks of work. Therefore, based on Flader's own testimony, the $24,700.79 which he claims he was entitled to receive actually included charges for items that were nonlienable. Since Flader has failed to separate the lienable and non-lienable work, the entire lien is defeated.

■ Plaintiff next contends that the trial court further improperly directed a finding in favor of the defendants because the trial court failed to weigh the evidence to determine whether a *prima facie* case still existed. Our supreme court has established a standard to be applied by the trial court in a bench trial when ruling on a motion for directed finding for the defendant at the close of the plaintiff's case:

> "[T]he trial court must first determine, as a legal matter, whether the plaintiff has established a *prima facie* case by presenting at least some evidence on every element essential to the action. If plaintiff has not, defendant is entitled to judgment as a matter of law. Only if the trial court finds that plaintiff has made out such a *prima facie* case must it, as the finder of fact, then weigh all of the evidence including any favorable

to defendant—which may result in the negation of some of the evidence necessary to plaintiff's case—to determine if a *prima facie* case still exists." *BRL Carpenters, Ltd. v. American National Bank & Trust Co.* (1984), 126 Ill. App. 3d 137, 141, 466 N.E.2d 1166.

*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154-55, 407 N.E.2d 43.

The trial court weighed all the evidence at the close of plaintiff's case to determine whether a *prima facie* case existed. Included in the court's consideration was a review of the pleadings, prior orders of the court, trial exhibits, testimony offered in support of plaintiff's claim, the authorities cited by counsel for the respective parties in support of their opposing positions, and the arguments presented by counsel. Accordingly, the court determined, and we agree, that the amount claimed by the plaintiff as due under a mechanic's lien cannot be apportioned between lienable and nonlienable work and the entire claim must be defeated. *Verplank Concrete & Supply, Inc. v. Marsh* (1976), 40 Ill. App. 3d 742, 744, 353 N.E.2d 27; *Adler v. World's Pastime Exposition Co.* (1888), 126 Ill. 373, 377, 18 N.E. 809; *BRL Carpenters, Ltd. v. American National Bank & Trust Co.* (1984), 126 Ill. App. 3d 137, 142, 466 N.E.2d 1166.

██ █ Plaintiff contends that exhibit F identified $3,558 in material cost for fixtures which were installed in the building that were still there five years later. Particularly, the sprinkler system and drain lines that were installed in the building, as well as the bathroom and plumbing fixtures installed by Flader, still remain. However, three factors must be considered in determining whether the equipment installed has become a permanent fixture and, therefore, lienable: (1) whether the parties intended these fixtures and alterations should be considered as part of the realty; (2) whether the fixtures are firmly attached to the realty; and (3) whether they are adapted to and necessary for the purposes for which the premises leased are now devoted. *Fehr Construction Co. v. Postl System of Health Building* (1919), 288 Ill. 634, 642; *Crane Erectors & Riggers, Inc. v. La Salle National Bank* (1984), 125 Ill. App. 3d 658, 662, 466 N.E.2d 397.

We acknowledge that Flader identified some lienable items. However, its claim is defeated based on its inability to accurately allocate time and material between lienable and nonlienable work. Moreover, the evidence in the record is insufficient to allow this court to make this determination.

██ The trial court found that an equally valid basis for dismissal of the complaint at the close of plaintiff's case was the failure of plaintiff to establish that defendant tenants were in fact doing busi-

ness under the trade name "Reel People" and incorporated under the name Monakosta, Inc. The court held that because the proof failed to establish any interest in the subject property by Monakosta, Inc., and any link between defendant tenants and "Reel People" (the name found on the service order tickets), there was no basis for extending the two-year statute of limitations.

We are not persuaded by plaintiff's contention that the two-year statute of limitation period was extended. Plaintiff's position hinges on the fact that on March 3, 1982, Monakosta, Inc., an entity which allegedly asserted some possessory interest in the subject property of the lien foreclosure, filed a petition for bankruptcy under Chapter XI of the Bankruptcy Act, and Flader was named as one of the creditors. The Bankruptcy Act provides in pertinent part "that a bankruptcy filing automatically stays the commencement or continuation of any proceeding against the debtor, including the issuance of process." (*Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill. 2d 84, 86, 457 N.E.2d 422; 11 U.S.C. §362 (Supp. 1979).) Flader concludes, therefore, that because he was named as one of the creditors, he was enjoined from filing a lien foreclosure action against Monakosta, Inc.

In July 1982, Flader filed a complaint in the United States Bankruptcy Court seeking to modify the automatic stay, and on December 1, 1982, that court entered an order allowing Flader to institute a lien foreclosure action naming Monakosta, Inc., as a defendant. Nevertheless, it was not until January 13, 1983, that Flader filed its suit to foreclosure its mechanic's lien against Monakosta, Inc., d/b/a Reel People, Bank of Ravenswood, trust No. 25—3857, Chris Karakosta, Dimitri Karakosta, Leon Monachas, Sam Callas, and unknown owners.

Plaintiff relies on *Garbe Iron Works, Inc. v. Priester* (1982), 110 Ill. App. 3d 948, 443 N.E.2d 204, to support its contention that the Monakosta, Inc., bankruptcy action extended the two-year statute of limitation period. The plaintiff in *Garbe* was unable to pursue its mechanic's lien suit due to the filing of bankruptcy by the defendant, a general contractor, who had entered into a contract with the owners of the property. The court held that Garbe "had no alternative but to delay filing of suit until the automatic stay was terminated. Thus, the intervention of section 108(c) of the Bankruptcy Act acted to extend the time period for plaintiff to file its suit." 110 Ill. App. 3d at 951, 443 N.E.2d at 206.

*Garbe* is distinguishable from the case at bar. In *Garbe*, it was established that the defendant contractor was a necessary party to the enforcement of the mechanic's lien. It was the defendant contractor

who entered into an agreement with the plaintiff whereby the plaintiff would furnish labor and materials for the property owners. Moreover, it was the defendant contractor that filed a petition in bankruptcy under Chapter XI. Under the facts of *Garbe*, the proceedings in State court were automatically stayed.

In the instant case, plaintiff entered into an oral contract with the tenants of 3445 West Dempster. The parties stipulated during the trial that no bankruptcy papers were filed by any of the three individuals on the lease, *i.e.*, Chris Karakosta, Dimitri Karakosta, and Leon Monachas. Moreover, the record does not disclose that a bankruptcy action was filed by any of the parties to this appeal. Hence, Flader should have filed its complaint within two years after completion of the contract (Ill. Rev. Stat. 1985, ch. 82, par. 9) in order to invoke the jurisdiction of the circuit court. (*Garbe Iron Works, Inc. v. Priester* (1982), 110 Ill. App. 3d 948, 951, 443 N.E.2d 204, quoting *Muehlfelt v. Vlcek* (1969), 112 Ill. App. 2d 190, 193, 250 N.E.2d 14.) Plaintiff completed the work on January 5, 1981, and did not file its suit to foreclose its mechanic's lien until January 13, 1983.

Furthermore, while Monakosta, Inc., did business as Reel People, which was the name on the service orders for work performed at 3445 Dempster in Skokie, Illinois, there is nothing in the record that establishes a nexus between Monakosta, Inc., the tenants, and the owners of the subject property. Additionally, although Flader was named as one of the creditors in the Monakosta, Inc., bankruptcy proceeding, the record does not reflect what, if any, interest Monakosta, Inc., had in the subject property. Moreover, the evidence presented does not establish that Monakosta, Inc., was a necessary party to the enforcement of the mechanic's lien. We, therefore, conclude that the filing of a petition in bankruptcy by Monakosta, Inc., did not toll the two-year limitation period for foreclosure of the mechanic's lien in the instant case.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL, P.J., and QUINLAN, J., concur.