(No. 52405.—

JOHN G. KOKINIS, Appellee, v. EDWARD KOTRICH *et al.,* Appellants.

*Opinion filed June 20, 1980.*

RYAN, J., specially concurring.

Max A. Abrams and Sidney Z. Karasik, of Chicago, for appellants.

Lewis W. Schlifkin and Edward A. Berman, of Chicago, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

John G. Kokinis, a licensed real estate broker, brought this action to recover a commission under the terms of a listing agreement for the sale of a motel owned by defendants, Edward and Rita Kotrich. The circuit court of Cook County, in a bench trial, granted defendants' motion for judgment in their favor at the close of plaintiff's case in chief, but the appellate court reversed and remanded with directions to proceed as if defendants' motion had been denied (74 Ill. App. 3d 224). We granted defendants' petition for leave to appeal, and we now affirm.

Defendants contend that the appellate court erred in (1) holding that, based on the evidence thus far adduced, plaintiff "submitted" the property in question to the

ultimate purchaser during the listing period, and (2) basing its decision on a theory which was not presented to the trial court.

In nonjury cases, section 64(3) of the Civil Practice Act allows the defendant, at the close of the plaintiff's case in chief, to move for a finding or judgment in his favor. In ruling on the motion, the court is to weigh the evidence and, if the ruling is favorable to the defendant, enter a judgment dismissing the action. (Ill. Rev. Stat. 1977, ch. 110, par. 64(3); *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 57.) The court must consider all of the evidence, including any favorable to the defendant, and is to pass on the credibility of witnesses, draw reasonable inferences from the testimony, and generally consider the weight and the quality of the evidence. Contrary to the *Pedrick* standard (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494), the court is not to view the evidence in the light most favorable to the plaintiff. On appeal, the decision of the trial court should not be reversed unless it is contrary to the manifest weight of the evidence. *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 57-58.

There has been some confusion in our appellate court as to whether, in ruling on the defendant's motion, in a bench trial, the trial court is to decide only if the plaintiff has made out a *prima facie* case or, instead, the court is to decide if he has met his burden of proof by a preponderance of the evidence. (See discussion in *Jackson v. Navik* (1976), 37 Ill. App. 3d 88, 90-92.) This confusion over the proper procedure to be followed by the court in ruling on a section 64(3) motion merits our comment.

The *prima facie* case standard ordinarily applies to both jury and nonjury cases. In any case in which the plaintiff has failed to make out a *prima facie* case, *i.e.*, he has not presented at least some evidence on every element essential to his cause of action, the defendant is

entitled to judgment in his favor as a matter of law. When a defendant, as here, moves for judgment under section 64(3), the trial judge must first determine, as a legal matter, whether the plaintiff has made out a *prima facie* case. If he has not, the court should, without more, grant the motion and enter judgment in the defendant's favor.

If, however, the plaintiff has made out a *prima facie* case, the trial judge, in his role as the finder of fact, must then weigh the plaintiff's evidence as aforesaid. This weighing process may result in the negation of some of the evidence necessary to the plaintiff's *prima facie* case, in which event the court should grant the defendant's motion and enter judgment in his favor. On the other hand, if sufficient evidence necessary to establish the plaintiff's *prima facie* case remains following the weighing process, the court should deny the defendant's motion and proceed as if the motion had not been made.

*Sub judice,* the facts are sufficiently set forth in the appellate court opinion and need only be briefly summarized here. On June 28, 1971, plaintiff and defendants entered into a real estate listing agreement for a period of 90 days, by which defendants agreed to pay a commission to plaintiff:

> "(a) for *** services in procuring a purchaser of the property on the above terms or any other terms the owner shall accept, or (b) if the property is sold by [plaintiff], by me (OWNER), or by or through any other person, during the period hereof, or (c) if the property is sold to anyone on behalf thereof to whom it was submitted, or sold after termination of this agreement to a purchaser to whom it was submitted or shown by [plaintiff or plaintiff's] representative during the term of this agreement."

Near the end of the 90-day-listing period, Robert Galas called plaintiff in response to a newspaper advertisement which referred to a motel in the south LaGrange area. The ad furnished plaintiff's name, as the realtor, and gave plaintiff's telephone number. Galas inquired about the

property, requested that plaintiff send him a flyer which listed the address and described the property in detail, and said he wanted to see the property. Plaintiff immediately, and still within the listing period, sent a flyer to Galas. Galas thereafter informed plaintiff that he had received the flyer, but that he had previously seen the property with another broker and was not interested in dealing with plaintiff. Shortly after the listing period ended, Galas bought the property from defendants. In granting defendants' motion for judgment at the close of plaintiff's case in chief, the trial court expressly found that plaintiff was not the procurer of the purchaser and that the sale did not occur during the listing period. As noted by the appellate court, the trial court did not determine whether plaintiff was nevertheless entitled to a commission pursuant to part (c) of the listing agreement. The appellate court held that plaintiff's evidence showed that, for purposes of part (c) of the agreement, he had "submitted" the property to Galas during the listing period. We agree, and we adopt the reasoning of the appellate court on this point. In addition thereto, we note that there is no indication that the trial court, whose duty it is to weigh plaintiff's evidence, disbelieved or discounted any of the evidence which established plaintiff's right to recover. We are therefore in agreement with the appellate court's decision, made pursuant to Rule 366(b)(3)(iii) (73 Ill. 2d R. 366(b)(3)(iii)), to reverse and remand the cause with directions to proceed as if defendants' motion had been denied by the trial court.

As a secondary contention, defendants urge that this court should not determine whether plaintiff may seek recovery under part (c) of the contract, for, defendants assert, plaintiff did not present that theory of recovery to the trial court. Defendants cite *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, for the proposition that "the theory upon which a case is tried in the lower court

cannot be changed on review." In *Kravis,* where there was a full hearing on plaintiff's claim, the theory upon which the plaintiff sought to recover on review was neither pleaded nor argued in the trial court. The court stressed that to permit a change of theory on review may prejudice the defendant where the defendant has presented arguments in the trial court based on the issues raised therein and not upon issues that plaintiff would attempt to raise on review. Additionally, defendant may have presented different evidence if plaintiff had advanced in the trial court the theory he has advanced on review. In the case at bar, plaintiff did not include the "submission" theory in his complaint. However, during argument on defendants' motion for judgment, plaintiff's attorney recited the pertinent portion of the exclusive listing contract, including part (c), and argued that the evidence showed that the property was submitted to Galas, the ultimate purchaser. Also, because defendants have not yet presented any evidence, any prejudicial effect of entertaining the "submission" theory on review is minimized for, on remand, defendants may present evidence to rebut such theory. We therefore find this case to be distinguishable from *Kravis.* Moreover, plaintiff points out that defendants' argument in this regard was not brought out in the appellate court until the filing of a petition for rehearing, and this fact is not refuted by defendants.

Consequently, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN, specially concurring:

While I concur in the result reached by my colleagues, I do not agree with the discussion in the opinion concerning a *prima facie* case. In my opinion, in a nonjury trial, in passing on a motion by the defendant at the close of the plaintiff's case under section 64(3) of the Civil

Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 64(3)), the court does not consider whether or not the plaintiff has made out a *prima facie* case. The court, instead, must view the case in the same manner as it would have had the defendant rested at the close of the plaintiff's case. The court is not concerned in either situation whether the plaintiff has offered some evidence as to each element necessary to support recovery. The court, as the trier of fact, must weigh the evidence, consider the credibility of the witnesses, and determine whether the plaintiff's case is supported by the preponderance or greater weight of the evidence. If it is not, the court should grant the defendant's motion regardless of whether or not the plaintiff has made out a *prima facie* case.

In *Jackson v. Navik* (1976), 37 Ill. App. 3d 88, cited in the majority opinion, the appellate court inferentially questioned the advisability of using the term *"prima facie* case" in connection with a defendant's motion under section 64(3) of the Civil Practice Act and noted that under Federal Rule of Civil Procedure 41(b) a judge may grant a motion for dismissal of a nonjury case at the close of the plaintiff's evidence, even where such evidence is sufficient in quantum and quality to make out a *prima facie* case. (*Jackson v. Navik* (1976), 37 Ill. App. 3d 88, 91. See also 5 J. Moore, Federal Practice sec. 41.13(4), at 41–193 (1979).) In C. Wright & A. Miller, Federal Practice and Procedure, Civil, sec. 2371 (1971), it is stated that in passing on a defendant's motion under Federal Rule 41(b), the court is not to concern itself with whether plaintiff has made out a *prima facie* case. In *Ellis v. Carter* (9th Cir. 1964), 328 F.2d 573, the court stated that a court sitting without a jury is not required to deny a motion to dismiss at the close of the plaintiff's case even if the evidence, viewed in the light most favorable to the plaintiff, makes out a *prima facie* case, if, from the record, the court is con-

vinced that the evidence preponderates against the plaintiff.

I would eliminate all reference to the term *"prima facie* case" in discussing the determination of a motion by the defendant at the close of the plaintiff's case under section 64(3) of the Civil Practice Act. If used in that context, the term obviously cannot have the meaning that it customarily conveys, and its use in connection with such a motion will only perpetuate the confusion alluded to in *Jackson v. Navik.*