J.W. O'BRIEN CORP., Plaintiff-Appellant, v. ALLOY PIPING, INC., *et al.*, Defendants-Appellees.

Second District   No. 83—1037

Opinion filed November 26, 1984.

Robert R. Benjamin, of Chicago, for appellant.

Robert C. Liston, of Liston & Mauter, of Wheaton, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

On February 5, 1981, the plaintiff, J.W. O'Brien Corp., filed a two-count complaint against the named defendants in the circuit court of Du Page County. The action was based on the furnishing of electrical goods, equipment and services supplied by the plaintiff in connection with the construction of a new building. Count I was a mechanic's lien foreclosure against property allegedly owned by the defendant, Burke Development. The plaintiff withdrew count I when discovery showed that Burke Development was not the owner of the property. Count II alleged a breach of contract against the defendant, Alloy Piping, Inc. (Alloy), for failing to pay $10,157.61 on an open account.

On December 28, 1981, Alloy filed answers to plaintiff's interrogatories which stated that it was Thomas Brewer, Jr., acting on his own behalf and not as an agent of Alloy, who entered into the agreement with the plaintiff. A bench trial was held on October 19, 1983, in which the plaintiff's sole witness was John W. O'Brien. At the close of the plaintiff's case, defense counsel moved for a directed finding, which was granted on the basis that the plaintiff had failed to show any contractual relationship between the plaintiff and Alloy. Plaintiff filed a motion to vacate the judgment, which was denied; and on November 28, 1983, the plaintiff filed this appeal.

The first issue for decision is the proper standard to be applied in reviewing a trial court's granting of a directed finding. The plaintiff asserts that a directed finding should be granted "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.

■ While this may be the proper standard in a jury trial, it is not applicable here. In a bench trial the judge is the finder of fact and, as such, he applies a two-step analysis in ruling on a motion for a directed finding. First, as in a jury trial, the judge must determine whether a *prima facie* case has been presented, *i.e.*, whether the plaintiff has presented at least some evidence on every element essential to his cause of action. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154-55.) If so, the judge, as the finder of fact, must then "weigh down all the evidence, including any favorable to the defendant, pass on the credibility of witnesses, draw reasonable inferences from the testimony, and generally consider the weight and quality of the evidence."

(*Stender v. National Boulevard Bank* (1983), 114 Ill. App. 3d 1041, 1046.) If this weighing process does not negate any of the plaintiff's evidence necessary for his *prima facie* case, then the directed verdict should be denied. On appeal, the decision of the trial court will not be reversed unless it is contrary to the manifest weight of the evidence. *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40.

The second issue for decision is whether the trial court's directed finding for the defendant, based on plaintiff's failure to show a contract between the plaintiff and Alloy, was against the manifest weight of the evidence. The plaintiff argues that his evidence showed that Thomas Brewer, Sr., had the apparent authority to bind Alloy on this contract, and that Alloy did enter this contract with the plaintiff through its apparent agent, Thomas Brewer, Sr.

■ " ' "An apparent agent is a person who, whether or not authorized, reasonably appears to third persons, because of the manifestations of another, to be authorized to act as agent for such other." ' [Citations.] A principal is bound equally by the authority which he actually gives his agent and by that which by his own acts he appears to give. [Citation.] In order to hold the principal liable, however, there must be such conduct by the principal that a reasonably prudent person, using diligence and discretion, would naturally suppose an agent to possess. [Citations.]" (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 426-27.) "As a general rule, the agency and the authority of an officer or agent may be proved by evidence of his having previously exercised certain powers as officer or agent with the approval or recognition of the corporation ***." 19 C.J.S. *Corporations* sec. 1030, at 515 (1940); accord, *Hooker v. Farmers Mutual Reinsurance Co.* (1940), 304 Ill. App. 230.

■ John W. O'Brien, the plaintiff's only witness, testified that he had been doing business with Alloy for 30 years; that he had done 15 to 20 jobs for Alloy; that he had usually dealt with Thomas Brewer, Sr.; and that during the fall of 1978, he submitted a bid for electrical work at Alloy's offices to Thomas Brewer, Sr., and Thomas Brewer, Jr. O'Brien further testified that this bid was verbally accepted at this meeting, but this testimony was excluded by objection. O'Brien's later testimony that he did the work and was partially paid, however, was sufficient evidence to show that this bid was accepted by Thomas Brewer, Sr. Alloy, having previously made Thomas Brewer, Sr., its agent, or at least having ratified his similar past acts, clothed Thomas Brewer, Sr., with the apparent authority to bind it in this contract. We believe, therefore, that the plaintiff met the *prima facie* requirement on whether a contract existed between itself and Alloy.

■ We turn now to the second step of our analysis to decide if the trial court, in weighing all the evidence, including evidence favorable to the defendant, could properly have discounted the evidence necessary to the plaintiff's *prima facie* case. There is nothing in the record which places O'Brien's credibility in question, and the defendant did not attempt to attack his credibility on this issue on cross-examination. The trial court did feel, however, that plaintiff's exhibit "B" was favorable to the defendant. Exhibit "B" was a statement sent to Alloy listing a total due of $10,157.61 for the plaintiff's job "with Burke Development Co." The trial judge interpreted this as evidence that the contractual relationship was between the plaintiff and Burke Development Co. and not between the plaintiff and Alloy. Since the statement was sent to Alloy with attention to Thomas Brewer, Sr., and requested that Alloy give prompt payment of the amount due, we believe the only reasonable inference that could be drawn from exhibit "B" is that the plaintiff believed his contract was with Alloy and not Burke Development Co. Therefore, since nothing in the record had negated any evidence necessary for the plaintiff's *prima facie* case, at least at that point in the trial, we hold the trial court's finding for the defendant was against the manifest weight of the evidence.

Since we reverse on this issue, we need not reach the plaintiff's second contention that Alloy ratified the contract by making payments on it. The finding entered in favor of the defendant is reversed and this cause is remanded for continuation of the cause, beginning with the defendant's case in chief.

Reversed and remanded.

REINHARD and HOPF, JJ., concur.