ROBERT E. GREENWALD, Plaintiff-Appellant, v. SPRING HILL FORD, INC., *et al.*, Defendants-Appellees.

First District (5th Division) No. 87—2331

Opinion filed August 19, 1988.

Barclay, Damisch & Sinson, Ltd., of Chicago (John W. Damisch and Thomas J. Swabowski, of counsel), for appellant.

Griffin & Griffin, Ltd., of Chicago (Rhoda E. Markovitz and David J. Griffin, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Robert E. Greenwald, sued defendants, Spring Hill Ford, Inc. (Spring Hill), and Randall Kalin, seeking an accounting and the imposition of a constructive trust on Spring Hill. Kalin is plaintiff's son-in-law and the sole shareholder in the dealership. The dispute revolves around the question of whether $30,000 given to Kalin

by plaintiff was a loan or for the purchase of a one-third interest in Spring Hill. Plaintiff filed this appeal after the trial court granted defendants' motion for judgment at the close of plaintiff's case.

In July 1984, plaintiff filed a three-count complaint requesting an accounting and the imposition of a constructive trust (counts I and II). These counts were stricken and the cause proceeded on count III, in which plaintiff sought to impose a constructive trust on defendants on the basis of an alleged breach by Kalin of a purported agreement to give plaintiff a one-third interest in Spring Hill, and upon its profits. At trial, the following facts were adduced.

In October 1981, Kalin entered into a buy-out agreement with Spring Hill's owner, Joe Reagan. The agreement provided that Kalin immediately pay Reagan $30,000 with the balance to be paid over the next two years. After the initial $30,000 payment, Kalin received a 50% ownership interest in the agency. At this time, the dealership was not making a profit. After Kalin became part owner, his father-in-law (plaintiff) volunteered to help with the used car department since he had worked in that field for 37 years. Kalin subsequently made plaintiff the used car manager at Spring Hill, paying him a $300-per-week salary plus 10% of the used car profits. Plaintiff was also given the use of a company car and health insurance for himself and his wife.

The parties dispute subsequent events. In April 1982, Kalin had an opportunity to accelerate the buy-out with an immediate payment of another $30,000 to Reagan. Plaintiff testified that he gave Kalin $30,000 in return for a one-third interest in the business. Kalin asserts that the money was merely a loan. All discussions were oral with no third parties present.

There was further testimony from the parties (Kalin testified as an adverse witness) and plaintiff's wife concerning such things as the providing of free gas for plaintiff's car, a privilege which other department managers also received; insurance for plaintiff and his wife, which was continued after plaintiff left employment with the agency in mid-1984; a car for the use of plaintiff's wife, an expense account for plaintiff; an increase in plaintiff's salary to $525 a week; Kalin's request that plaintiff attend a trial as an owner of Spring Hill, an assertion denied by Kalin; business cards plaintiff had printed designating him as vice-president of the business; and a celebration party held when Kalin became the recorded owner at which plaintiff alleges, and Kalin denies, that Kalin announced they both owned the agency.

The only concrete evidence regarding the transfer of funds was a document handwritten and signed by Kalin stating:

"To Robert Greenwald:
    Received this date, 04/29/82, for the purpose of gaining intrest [sic] in Spring Hill Ford, Inc., the sum of $30,000.

(signed) R. Kalin"

At the close of plaintiff's case defendants moved for judgment in accordance with section 2—1110 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1110). In granting the motion, the court referred to the standard set forth in *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43. This appeal followed.

On appeal, plaintiff contends that the trial court applied the wrong standard in ruling on defendants' motion for judgment and urges a reversal and remandment for a new trial. We agree that this matter should be reversed and remanded in part, but also find that the trial court's grant of a directed judgment for defendants was proper.

■ Section 2—1110 provides in part, "In ruling on the motion the court shall weigh the evidence, considering the credibility of the witnesses and the weight and quality of the evidence. If the ruling on the motion is favorable to the defendant, a judgment dismissing the action shall be entered." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1110.) This provision has created confusion, in both trial and appellate courts, concerning motions for a directed judgment in bench trials as to whether a plaintiff need only establish a *prima facie* case or whether the burden of proof must be met by a preponderance of the evidence. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43.) The court in *Kokinis* held that in ruling on motions for a directed judgment in bench trials, the trial court must first determine whether the plaintiff has established a *prima facie* case and, if so, the judge must then, as a fact finder, weigh the plaintiff's evidence to determine if a *prima facie* case still exists.

In the present case, plaintiff argues that the trial court's grant of judgment for defendants based on its finding that plaintiff "has not met his burden of proof" was insufficient to satisfy the *Kokinis* standard. He further contends that ambiguities in the written document should have been strongly construed against Kalin, and that plaintiff's evidence set forth a *prima facie* case regarding the establishment of a constructive trust by operation of law.

Initially, we note that the fact that Kalin owes plaintiff $30,000 is not disputed. The real issue is whether the trial court applied the proper standard in granting judgment for defendants. In ruling on defendants' motion, the trial court should have determined if (1) plain-

tiff offered evidence so as to establish a *prima facie* case supporting the imposition of a constructive trust and, if so, (2) then weighed the evidence. *Kokinis*, 81 Ill. 2d 151, 407 N.E.2d 43.

■■ Generally, such evidence must prove plaintiff's case by a preponderance of the evidence; however, when the underlying cause of action requires a clear and convincing standard of proof, the evidence must meet the higher standard. (*Heller v. Jonathan Investments, Inc.* (1986), 113 Ill. 2d 60, 495 N.E.2d 589.) And, where one seeks to have a constructive trust imposed on the basis of parol evidence, the proof must be clear and convincing; it must be clear that the party against whom the trust is to be imposed has engaged in actual fraud or has abused a confidential or fiduciary relationship. (*Beelman v. Beelman* (1984), 121 Ill. App. 3d 684, 460 N.E.2d 55.) If the evidence is doubtful or capable of reasonable explanation by other theories, the proof of the existence of a trust is insufficient. (*Beelman*, 121 Ill. App. 3d 684, 460 N.E.2d 55.) Guided by these principles, we cannot say that the trial court's conclusion that plaintiff failed to meet his burden of proof was error.

■■ Despite plaintiff's contentions, it is apparent from the record that the trial court did apply the *Kokinis* standard to this case. The court specifically stated that plaintiff had put forth a *prima facie* case when he testified that he gave $30,000 to Kalin in return for a one-third interest in the company. The court continued by referring to the "very articulate and astute rules" enunciated by the court in *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43. After further stating that it was weighing the testimony, the trial court noted that it had heard from both parties since Kalin testified as an adverse witness and concluded that the money was a loan. Accordingly, there is no doubt that the trial court applied the appropriate standard to this case. Furthermore, in light of the conflicting testimony regarding the intent of the parties as to the ambiguities in the written instrument, this court cannot reverse the trial court's determination unless it was contrary to the manifest weight of the evidence. *Lake Bluff Heating & Air Conditioning Supply, Inc. v. Harris Trust & Savings Bank* (1983), 117 Ill. App. 3d 284, 452 N.E.2d 1361.

■ Notwithstanding our above conclusions, we must reverse that part of the trial court's order that dismissed plaintiff's cause with prejudice. After the court determined that plaintiff had loaned $30,000 to Kalin, and even mentioned the inclusion of "interest and other things of that nature," no relief was granted to plaintiff. When the trial court determined the transaction constituted a loan, it should have completely resolved the issue regarding the terms of the loan,

862

*e.g.*, interest due, payment date, etc. (See *Hedrich v. Village of Niles* (1969), 112 Ill. App. 2d 68, 250 N.E.2d 791.) In his complaint, plaintiff had requested "such other and further relief as the court may deem just and equitable."

In summary, we affirm that part of the trial court's order granting defendants' motion for a directed finding at the close of plaintiff's case. We reverse the dismissal with prejudice of plaintiff's cause and remand it for further proceedings consistent with this opinion.

Affirmed in part; reversed and remanded in part.

SULLIVAN and PINCHAM, JJ., concur.