WILLIAM H. BRUSS, Plaintiff-Appellant, v. HOWARD J. KLEIN, JR., *et al.*, Defendants-Appellees.

Second District   No. 2—90—0058

Opinion filed March 5, 1991.

Robert V. Gildo, of Robert V. Gildo, Ltd., of Wheaton, for appellant.

Walsh & Knippen, Chartered, and Zachary M. Bravos, of Bravos & Trapp, Ltd., both of Wheaton, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, William H. Bruss, appeals from a judgment entered in favor of defendants, Howard J. Klein, Jr., and Alice W. Klein, following a nonjury trial. Plaintiff was seeking specific performance of an option contract which gave him an option to purchase a parcel of real estate located in Wheaton, Illinois, and a declaratory judgment stating that he had the right to proceed under the agreement. The sole issue raised by plaintiff on appeal is whether the trial court's finding in favor of defendants was contrary to the manifest weight of the evidence.

Plaintiff filed his complaint on April 21, 1988. The complaint alleged that defendants are record title holders of real estate located at 1751 Naperville Road, Wheaton, Illinois (subject property). Plaintiff further alleged that he and defendants entered into an option contract dated February 26, 1987, for the purchase of the subject property. A copy of the contract was attached to the complaint.

The agreement provided that, in consideration of the sum of $5,000, plaintiff had an option to purchase the subject property for $350,000. Earnest money was to be paid to the defendants in the amount of $35,000 on or before March 1, 1988, with the balance to be due at closing. The agreement further provided (the underlining indicates completed blanks in the preprinted form):

> "The option hereby granted shall be exercised by the Optionee by (a) written notice to that effect delivered to the Optionor at 1751 Naperville Road, Wheaton, Illinois and (b) payment to the Optionor of the price or portion thereof specified, and (c) the delivery of any note and mortgage or trust deed above provided for, on or before March 1,, 1988."

Attached to the agreement was a two-page "Rider A" which was made a part of the contract. "Rider A" provided, in pertinent part:

> "All notices required to be given under this Contract shall be construed to mean notice in writing signed by or on behalf of the party giving the same, and the same may be served upon

the other party or his agent personally or by certified or registered mail, return receipt requested, to the parties addressed; if to SELLERS to HOWARD J. KLEIN, JR. and ALICE M. KLEIN, his wife, 1751 Naperville Road, Wheaton, Illinois 60187 and SELLERS attorney, GORDON T. TRAPP, ESQUIRE, 1275 East Butterfield Road, Suite 100, Wheaton, Illinois 60187, or if to BUYER at 27W670 Washington Street, Winfield, Illinois 60190. Notice shall be deemed made when mailed or served."

Plaintiff alleged that he attempted to serve defendants with notice to finalize the transaction and with a check in the amount of $35,000 by personally appearing at the subject property on February 26 and 29 and March 1, 1988. He alleged that the premises were vacant on each of these occasions so that he was unable to accomplish delivery.

He further alleged that defendants had a duty to inform plaintiff that they were going to move out of State and would therefore be unavailable for service and that defendants never intended to fulfill the terms of the contract but rather "maliciously, intentionally, and willfully" misrepresented that they resided at the subject property for the purpose of acquiring the $5,000 option fee.

Defendants filed a motion to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). Defendants argued that the complaint failed to state a cause of action because defendants had no duty under the terms of the contract to keep plaintiff informed of their residence and because plaintiff admitted that he did not accomplish delivery of the notice and check. The motion was denied, and the cause proceeded to a bench trial.

At trial, plaintiff testified that he attempted to telephone defendants several times around February 24, 1988. He then went to the subject property on February 26, 1988, in order to deliver a $35,000 check and a letter. Both the check and the letter were admitted into evidence. The check was dated February 26, 1988, and the handwritten letter stated:

"Dear Howard

I request an extension of 180 days on our contract for additional $5000.00 as an option fee. If not acceptable we will close

W H Bruss"

Plaintiff was there approximately five to seven minutes but was unable to deliver the check and letter because no one was home. He again attempted to deliver the same check and letter twice on Febru-

ary 29, 1988, and once on March 1, 1988. He did not leave the check or letter at the property on any of these occasions.

Defendant Howard Klein, called as an adverse witness, testified that he moved to North Carolina in September 1987. He left the utilities on at the subject property, did not disconnect the telephone and left furniture and draperies inside the property. This was because he used the house approximately two times a month when he came back to Illinois on business, although he did not stay at the property. He did not notify plaintiff of the move. He did notify the post office of his forwarding address in North Carolina, and, as mail was forwarded by the post office, he notified persons sending him mail of his new address. Klein also stated that plaintiff had not contacted him at any time during the year the option was in effect. He testified that he did not move to North Carolina with the intent to hide himself from plaintiff.

Other evidence at trial established that plaintiff's business partner, Jeffrey Walker, delivered the $35,000 check and a letter to defendants' attorney, Gordon Trapp, on March 11, 1988. In the letter, Walker outlined plaintiff's attempts to deliver the check and notice to defendants and demanded that the option contract be consummated. Mr. Trapp did not accept the check based on the fact that the option had expired March 1, 1988.

Plaintiff also testified that he did not send written notice to defendants at the subject property or to defendants' attorney on or before March 1, 1988. He admitted that the option to deliver the check and letter to Mr. Trapp was available to him on March 1, 1988. He did state that he believed that he was required to deliver written notice to defendants first.

A tape of a March 9, 1988, telephone conversation between plaintiff and defendant Howard Klein was played for the judge and admitted into evidence. The telephone conversation was initiated by Klein and was taped by Klein. There is no transcript of the conversation in the record. However, plaintiff agreed during his testimony that the statements of defendants' counsel during his opening statement regarding the conversation were essentially correct. This version of the conversation can be summarized briefly as follows. Klein told plaintiff that he wanted to let plaintiff know that the option had expired. Plaintiff responded:

"I made a mistake on the date, and I thought we were into March with this thing.

* * *

It was my fault. I didn't mean to let it happen and had talked to your attorney about an extension on it."

Another taped conversation between plaintiff and Klein occurred on March 10, 1988. At that time plaintiff told Klein that he had attempted to contact him and that there was nobody to whom to give the money. He asked Klein if he had been out of town. Klein replied that he was on work assignment and that plaintiff could have given it to the lawyer.

Following this testimony, defendants presented an oral motion for a directed finding. The motion was denied.

Jeffrey Walker then testified that he believed that the contingency period on the option agreement ran until March 12, 1988, one year from the date he had been told by plaintiff that the agreement was accepted. Gordon Trapp testified that he had a conversation with Walker on March 11, 1988. Walker told Trapp that he had blown it, that he had marked his file March 12.

Following the trial, the trial court entered judgment for defendants. The judge found that: (1) plaintiff failed to meet his burden to show that he attempted to deliver notice to the subject property on or before March 1, 1988; (2) that plaintiff failed to meet his burden to establish that defendants never intended to fulfill the terms of the contract; and (3) that plaintiff did not exercise the option in a timely manner as set out in the option contract and as contemplated between the parties. After the trial court denied plaintiff's motion to reconsider, this timely appeal followed.

Plaintiff argues on appeal that the trial court's ruling in favor of defendants was against the manifest weight of the evidence. He contends that, as the trial court denied defendants' motion to dismiss and motion for a directed finding, the court must have found that his complaint was sufficient legally to state a cause of action and that plaintiff not only presented sufficient evidence to make out a *prima facie* case, but met his burden of proof by a preponderance of the evidence. Plaintiff concludes that implied in the court's ruling on the motion for a directed finding was a determination that plaintiff's testimony was credible. Plaintiff maintains that defendants did not negate his testimony that he attempted to serve defendants but that defendants' own conduct made service impossible, arguing that there is therefore no evidence in the record which supports the finding of the trial court for defendants. We disagree and affirm.

■ Plaintiff is correct that, in ruling on a defendant's motion for judgment in his favor at the end of the plaintiff's case, the court must

first determine whether the plaintiff has made out a *prima facie* case. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 155.) If a *prima facie* case exists, the trial judge must then weigh the plaintiff's evidence. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1110; *Kokinis*, 81 Ill. 2d at 155.) The court must consider all of the evidence, including any favorable to the defendant, and is to pass on the credibility of the witnesses, draw reasonable inferences from the testimony, and generally consider the weight and quality of the evidence. (*Kokinis*, 81 Ill. 2d at 154.) If the weighing process results in the negation of some of the evidence necessary to the plaintiff's *prima facie* case, the court should grant the defendant's motion and enter a judgment dismissing the action. *Kokinis*, 81 Ill. 2d at 154-55; *Coryell v. Lombard Lincoln-Mercury Merkur, Inc.* (1989), 189 Ill. App. 3d 163, 169.

■ We do not agree with plaintiff's argument, however, that the court's ruling on the motion for a directed finding must be considered a determination that plaintiff's testimony was credible and that his case was thus proved, precluding a judgment for defendants at the conclusion of the trial. We initially note that this argument was made without any directly supportive citation of authority. In fact, the law states that, if a defendant's motion is denied, the court should continue as if the motion had not been made (*Kokinis*, 81 Ill. 2d at 155; *Noe v. Clemons* (1988), 174 Ill. App. 3d 223, 230) and proceed with trial (*People ex rel. Hartigan v. Stianos* (1985), 131 Ill. App. 3d 575, 578). The trial court's ruling on a section 2—1110 motion is not a determination of liability as to either party. (*Margolies v. Landy & Rothbaum* (1985), 136 Ill. App. 3d 635, 639.) Plaintiff's argument, therefore, is without foundation. (See *Margolies*, 136 Ill. App. 3d at 639.) The fact that the trial court did not grant either of defendants' motions does not mean that the court could not rule for defendants at the conclusion of the trial, even based on a ground raised in the motions.

■ The obvious and correct standard to apply when a challenge is made to a trial court's ruling following a bench trial is whether the court's judgment is against the manifest weight of the evidence. (*Schackleton v. Federal Signal Corp.* (1989), 196 Ill. App. 3d 437, 444-45.) "The trial judge, as the trier of fact, is in a position superior to a court of review to observe the demeanor of witnesses while testifying, to judge their credibility and to determine the weight their testimony should receive." (*In re Application of County Treasurer* (1989), 131 Ill. 2d 541, 549.) For a finding or judgment to be against the manifest weight of the evidence, an opposite conclusion must be clearly evi-

dent. *Schackleton,* 196 Ill. App. 3d at 445; *Beeding v. Miller* (1988), 167 Ill. App. 3d 128, 143.

In this case, plaintiff was seeking specific performance of an option contract and a declaratory judgment stating that he had the right to proceed under the agreement.

An option is a contract by which the owner of property agrees with another person that he shall have the right to buy his property at a fixed price within a time certain. (*Morris v. Goldthorp* (1945), 390 Ill. 186, 191; *McMillan v. Ingolia* (1980), 87 Ill. App. 3d 727, 729.) Two elements therefore exist: (1) the unilateral offer to sell, which does not become a contract until accepted; and (2) a contract to leave the offer open for the specified time. (*Whitelaw v. Brady* (1954), 3 Ill. 2d 583, 589; *Sutton Place Development Co. v. Bank of Commerce & Industry* (1986), 149 Ill. App. 3d 513, 516.) Only when an option is accepted and exercised according to its terms does it become a present contract for the sale of the premises (see *Hanson v. Duffy* (1982), 106 Ill. App. 3d 727, 730) which is capable of specific performance (*Sutton,* 149 Ill. App. 3d at 516). The holder of the option must exercise it in strict conformity with the conditions prescribed therein. *Moehling v. Pierce* (1954), 3 Ill. 2d 418, 423.

Plaintiff, therefore, was not entitled to an order of specific performance, or to a declaration that he had the right to proceed under the agreement, unless he had strictly complied with the terms of the contract in exercising the option. The trial court specifically found that plaintiff did not exercise the option in a timely manner as set out in the option contract. Based on the evidence presented at trial, we cannot conclude that this finding was against the manifest weight of the evidence.

The option contract provided that the option could be exercised by payment of $35,000 on or before March 1, 1988, and by "written notice to that effect" delivered to the defendants at 1751 Naperville Road on or before March 1, 1988. The contract further specified that *all* notices required to be given by plaintiff under the contract could be served personally on defendants or their agent, Gordon Trapp. Notices could also be served by certified or registered mail, return receipt requested, to defendants and Gordon Trapp. The contract further provided that notice would be deemed made when mailed or served.

It is undisputed that plaintiff did not deliver a check for $35,000 or a written notice on or before March 1, 1988, either by personally serving defendants or their attorney or by mailing the check and notice to defendants and their attorney. Although plaintiff testified that

he attempted delivery on four occasions, this is insufficient to establish compliance with the terms of the contract. We note that it is also questionable whether the letter plaintiff attempted to deliver on those occasions would have been adequate to be considered a notice of intent to exercise the option. The letter appeared to be a request for an extension of time. It is not clear that what was intended by the notice was an unconditional exercise of the option in accordance with the terms of the option agreement. (*Cf. Birkmeier v. Herget National Bank* (1984), 102 Ill. 2d 548, 551.) Absent such an exercise, the option never became a present contract. See *Morris v. Goldthorp* (1945), 390 Ill. 186, 195.

■ The trial court's finding that plaintiff failed to show that defendants never intended to fulfill the terms of the contact was also not against the manifest weight of the evidence. There is nothing in the contract which required defendants to inform plaintiff of their current address. Defendant Klein's testimony established that defendants would have received a notice mailed to the subject property as their mail was being forwarded to them in North Carolina. Any notice mailed would have been deemed served on the date of mailing.

Trial testimony also indicated that a mistake may have been made by plaintiff and his partner, Jeffrey Walker, regarding the date the option expired. This could explain why no notice was delivered to defendants' attorney or was mailed on or before March 1, 1988.

An opposite conclusion from that reached by the trial court is not clearly evident based on this record.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

REINHARD, P.J., and DUNN, J., concur.