SECOND DIVISION
FILED: July 20, 2010

No. 1-09-2200


| | | |
|---|---|---|
| 527 S. CLINTON, LLC, an Illinois limited liability company, | ) ) ) | APPEAL FROM THE CIRCUIT COURT OF COOK COUNTY. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | 07 CH 12339 |
| WESTLOOP EQUITIES, LLC, an Illinois limited liability company, | ) ) ) ) | THE HONORABLE |
| Defendant-Appellee. | ) ) | MARTIN S. AGRAN JUDGE PRESIDING |

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, 527 S. Clinton, LLC, brought the instant suit, seeking judicial declarations that its proposed development of a multi-story commercial and residential building would not violate an easement held by the defendant, Westloop Equities, LLC. In two separate orders, the circuit court dismissed two of the three counts of the plaintiff's complaint, finding them to be time barred. As to the third count, the circuit court entered a directed finding in favor of the defendant. The plaintiff now appeals, arguing that all three rulings were improper. For the reasons which follow, we reverse and remand for further proceedings.

No. 1-09-2200

The essential facts giving rise to this appeal are not in dispute. The plaintiff is the owner of a parcel of real estate commonly known as 519-527 South Clinton Street in Chicago, Illinois. The plaintiff's property is currently used as an open-air parking lot. The defendant owns a parcel of real estate adjacent to the plaintiff's property, commonly known as 506 West Harrison Street. The defendant operates a hotel upon its property.

Prior to 1984, both properties were under common ownership. In October of that year, the hotel, along with the property upon which it was situated, was sold to the defendant's predecessor-in-interest. As part of the transaction, the defendant's predecessor-in-interest was granted an easement for ingress and egress and for free parking. The easement provided, in relevant part, as follows:

> "1. All persons, by motor vehicle or otherwise, shall have the rights to ingress and egress in perpetuity to or from the property through and/or across the parking facility property, which rights shall not be terminable for any reason.
>
> 2. Grantee's registered guests of the hotel and banquet invitees shall have the

-2-

right to park on the parking facility property at no cost.

3.    Patrons of the bar and restaurant inside the subject hotel property shall have the right to park at no cost for a maximum of three (3) hours.

4.    The easement for parking in the above Paragraphs 2 and 3 shall be subject to the following terms and conditions, a violation of which shall cause said easement to terminate immediately upon the violation:

(a) The easement will remain in force so long as the property is operated as a hotel.  Ceasing to operate the subject hotel as a hotel business shall cause this easement to terminate immediately and without notice."

Over time, the hotel fell into disuse and closed.  In June of 1998, the defendant purchased the property containing the hotel.  The defendant refurbished the hotel and reopened it in 1999.

No. 1-09-2200

In October of 2006, the plaintiff purchased the adjacent property containing the open-air parking lot. Shortly thereafter, the plaintiff sought to develop the property and build a multi-story commercial and residential building consisting of 276 residential units, as well as ground floor retail shops and parking.

On March 6, 2007, representatives of the plaintiff met with the manager of the hotel to discuss the proposed development. In a letter dated March 23, 2007, the defendant's attorney expressed his opinion that the erection of a building on the plaintiff's property would interfere with the defendant's easement and threatened immediate litigation. In a subsequent letter dated March 27, 2007, the defendant's attorney also threatened to sue the architect hired by the plaintiff to design the development.

On May 8, 2007, the plaintiff filed a three-count complaint against the defendant. In count I, the plaintiff sought a judicial declaration that, under the terms of the easement, the defendant's right to free parking ended in "approximately 1986," the year the original hotel ceased operations. Count II sought a judicial declaration that the plaintiff's proposed development of its property would not interrupt the hotel's ingress and egress and that the terms of the easement would not be violated. Finally, in count III, the plaintiff sought a mandatory

-4-

injunction compelling the removal of a parking ramp allegedly encroaching on its property by approximately 50 feet. The complaint alleged that, until the plaintiff purchased the property in 2006, the ramp was permitted to exist on the plaintiff's property as an accommodation to the hotel.

On August 3, 2007, the defendant filed a motion to dismiss all three counts of the plaintiff's complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2006)). Attached to the defendant's motion was an affidavit from Leslie Barnard, a member of the defendant. In his affidavit, Barnard attested that the ramp allegedly encroaching on the plaintiff's property was constructed in the early 1960s and, since then, has been used by the hotel for ingress and egress.

Initially, the circuit court denied the defendant's motion to dismiss in its entirety. Following a motion to reconsider, however, the circuit court dismissed count III of the plaintiff's complaint with prejudice. In reaching this conclusion, the court found that, because the ramp in question had been used since the grant of the easement in 1984, count III was barred by the 20-year statute of limitations set forth in section 13-101 of the Code (735 ILCS 5/13-101 (West 2006)).

On March 12, 2009, the plaintiff filed an amended complaint. In count I of the amended complaint, the plaintiff again sought a judicial declaration that the defendant's right to free parking had ended as no hotel business was conducted on the defendant's property from "approximately 1986 until the hotel was reopened on May 30, 1999." As in the original complaint, count II sought a judicial declaration that the plaintiff's proposed development would not violate the terms of the easement. The plaintiff also re-pled count III in order to "preserve [its] rights on appeal."

On April 3, 2009, the plaintiff moved for summary judgment on count I of the amended complaint, arguing that there was no dispute that the hotel ceased operations in the late 1980s. While the plaintiff's motion for summary judgment was still pending, the defendant filed another motion to dismiss count I of the amended complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2006)). In relevant part, the defendant argued that the plaintiff's cause of action in count I accrued when the hotel ceased operations in 1986 and, therefore, was time barred by the 20-year statute of limitations contained in section 13-101 of the Code (735 ILCS 5/13-101 (West 2006)) and the 7-year statute of limitations set forth in 13-102 of the Code (735 ILCS 5/13-102 (West 2006)).

Attached to the plaintiff's response to the motion to dismiss count I was a portion of Leslie Barnard's deposition and an affidavit from Lewis Spector, the former manager of the parking lot from 1992 to 2006. When deposed, Barnard testified that neither he nor anyone involved in the day-to-day management of the hotel ever demanded that the hotel's patrons or guests be provided with free parking. In his affidavit, Spector, likewise, attested that at no time after the hotel reopened in 1999 did managers of the hotel demand that its guests or patrons be permitted to park in the parking lot without charge.

On May 29, 2009, the plaintiff filed a motion for leave to amend its complaint to change the year the hotel ceased operations from 1986 to 1988. In support of its motion, the plaintiff attached the affidavit of Anthony Christopher, the manager of the hotel from 1986 to 1988, who attested that the hotel ceased operation in the spring of 1988.

On June 3, 2009, the circuit court denied the plaintiff's motion to amend its first amended complaint, finding that the extent to which the proposed amendment would cure the defective pleading was questionable, that the amendment would prejudice and surprise the defendant, and that the amendment was untimely. The court further found that, because the plaintiff's amended

complaint was verified, the allegation that the hotel closed "in approximately 1986" constituted a judicial admission.

On August 5, 2009, the circuit court entered a written memorandum opinion, in which it dismissed count I of the amended complaint as time barred under sections 13-101 and 13-102 of the Code (735 ILCS 5/13-101, 13-102 (West 2006)). In that same order, the circuit court also denied the plaintiff's motion for summary judgment on count I as moot.

Thereafter, the parties proceeded to a bench trial on count II. At trial, the plaintiff presented several witness, including James Plunkard, the architect hired to design the proposed development, and Luay Aboona, a traffic engineer retained by the plaintiff to evaluate the impact of the proposed development on the hotel.

Plunkard testified that, under the proposed development, hotel patrons and guests would be able to drive down a ramp on the plaintiff's property and then either exit onto Clinton Street or enter the hotel's underground parking garage and storage facility. Plunkard opined that the hotel's ingress and egress would be essentially the same as it is now. He also believed that the development would enhance the hotel's accessibility by providing a cover over the ramp, thereby eliminating the need for snow removal and deterioration due to the elements.

According to Plunkard, the proposed development would be constructed in two phases. In phase I, the residential and commercial building would be constructed. During phase II, a four-story parking garage would be built. Plunkard believed that temporary canopies could be erected to protect hotel patrons and guests seeking to gain ingress and egress during the construction period and that the project could be completed without significant interference to their ingress and egress.

Aboona testified that he counted the amount of traffic that used the driveways into the parking lot and the ramp from the hotel into the parking lot for two days in 2008. He also analyzed the anticipated traffic that would be generated by the proposed development. In Aboona's opinion, the access drive to Clinton Street was adequate to accommodate the traffic from the proposed development as well as the traffic from the hotel. He further believed that, both during the construction and when the project is completed, access to the hotel property would be maintained.

At the conclusion of the plaintiff's case in chief, the defendant moved for a directed finding.[1] The defendant argued,

---

[1]We note that the motion filed by the defendant in the circuit court was labeled as a motion for a "directed verdict." Normally, a party moves for a directed verdict in a jury trial (735 ILCS 5/2-

inter alia, that the easement specifically provided for ingress and egress over the entirety of the plaintiff's property and that the construction of a permanent structure on the property would violate its rights under the easement. The circuit court subsequently granted the defendant's motion for a directed finding and entered judgment for the defendant on count II of the plaintiff's amended complaint. This appeal followed.

Initially, the plaintiff contends that the circuit court erred in dismissing count III of its complaint, in which it sought a mandatory injunction compelling the removal of a parking ramp allegedly encroaching on its property. The plaintiff argues that the defendant's use of the ramp was neither hostile nor adverse, and, thus, the circuit court improperly applied the statute of limitations for adverse possession set forth in section 13-101 of the Code (735 ILCS 5/13-101 (West 2006)). We agree.

---

1202 (West 2006)) and a directed finding in a bench trial (735 ILCS 5/2-1110 (West 2006)). Although it would have been more appropriate for the defendant to move for a directed finding as a bench trial was held in this case, the content of a motion, not its title or label, determines its character. See Padilla v. Vazquez, 223 Ill. App. 3d 1018, 1023, 586 N.E.2d 309 (1991).

Count III of the plaintiff's complaint was dismissed pursuant to 2-619(a)(5) of the Code, which allows for involuntary dismissal when "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2006). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. Cohen v. McDonald's Corp., 347 Ill. App. 3d 627, 632, 808 N.E.2d 1 (2004). Such a motion should be granted if, after construing the pleadings and supporting documents in a light most favorable to the nonmoving party, the court finds that no set of facts can be proved upon which relief can be granted. Webb v. Damisch, 362 Ill. App. 3d 1032, 1037, 842 N.E.2d 140 (2005). This court does not give deference to the circuit court's ruling on a motion to dismiss pursuant to section 2-619, but, rather, reviews the matter de novo. Fuller Family Holdings, LLC v. Northern Trust Co., 371 Ill. App. 3d 605, 613, 863 N.E.2d 743 (2007).

Section 13-101 provides, in relevant part, that:

> "No person shall commence an action for the recovery of lands, nor make an entry thereon, unless within 20 years after the right to bring such an action or make such entry first accrued, or within 20 years

after, he, she or those from, by, or under whom he or she claims, have acquired title or possession of the premises." 735 ILCS 5/13-101 (West 2006).

This section of the Code incorporates the doctrine of adverse possession. Joiner v. Janssen, 85 Ill. 2d 74, 81, 421 N.E.2d 170 (1981); McNeil v. Ketchens, 397 Ill. App. 3d 375, 393, __ N.E.2d __ (2010). Accordingly, for an action to be barred under section 13-101, the disputed lands must be in the possession of another for 20 years and that possession must be (1) continuous; (2) hostile or adverse; (3) actual; (4) open, notorious, and exclusive; and (5) under a claim of title inconsistent with that of the true owner. Joiner, 85 Ill. 2d at 81; Miller v. Metropolitan Water Reclamation District of Greater Chicago, 374 Ill. App. 3d 188, 189-90, 870 N.E.2d 1040 (2007).

In seeking to uphold the circuit court's dismissal of count III, the defendant asserts that the parking ramp in question was in existence when the easement was created in October of 1984, and was, therefore, used by the hotel for more than 20 years before the plaintiff initiated this lawsuit in 2007. According to the plaintiff's complaint, however, the former owners of the plaintiff's property permitted the existence of the parking ramp as an accommodation to the hotel. Where, as in this case, the

property is used with the permission of the owners, possession is not hostile or adverse. See McNeil, 397 Ill. App. 3d at 393. The complaint further alleges that this permission was not withdrawn until the plaintiff purchased the property in 2006. Because the filing of this lawsuit a year later tolled the running of the adverse possession statute (see Baird & Warner, Inc. v. Addison Industrial Park, Inc., 70 Ill. App. 3d 59, 75, 387 N.E.2d 831 (1979)), it cannot be said that the existence of the ramp was adverse or hostile for a period of 20 years. Absent 20 years of hostile or adverse possession, the statute of limitations contained in section 13-101 does not apply. See Joiner, 85 Ill. 2d at 81. Consequently, the circuit court erroneously dismissed count III on that basis.

Next, the plaintiff contends that the circuit court erred in dismissing count I of its complaint, seeking a declaration that the defendant's rights to free parking ended in "approximately 1986," the year the original hotel ceased operations. The plaintiff argues that, contrary to the circuit court's findings, count I is not time barred under either section 13-101 or section 13-102 of the Code (735 ILCS 5/13-101, 13-102 (West 2006)). Because this count was also dismissed pursuant to section 2-619(a)(5) of the Code (735 ILCS 5/219(a)(5) (West 2006)), our

No. 1-09-2200

review is <u>de novo</u>. See <u>Fuller Family Holdings</u>, 371 Ill. App. 3d at 613.

With regard to the dismissal of count I under section 13-102, the plaintiff argues that this section of the Code sets forth the limitations period for the recovery of land premised upon the breach of a condition subsequent. According to the plaintiff, section 13-102 is inapplicable to count I, as no condition subsequent was created by the language in the easement stating that the free parking rights would "terminate immediately and without further notice" when the hotel ceased operation.

In response, the defendant asserts that the plaintiff has forfeited this issue by failing to raise it in the circuit court. The plaintiff disagrees, maintaining that the argument that the easement for free parking did not contain a condition subsequent was raised in the lower court. Although the record reveals that, in response to the defendant's motion to dismiss the plaintiff's amended complaint, the plaintiff did argue that "[c]ount I seeks a declaratory judgement that the provisions in paragraphs 2 and 3 of the easement allowing free parking to guests of the hotel have terminated pursuant to the express provisions of paragraph 4," we do not believe that this vague and general allegation was sufficient to overcome forfeiture. Nevertheless, forfeiture is a limitation on the parties and not this court. <u>Michigan Avenue</u>

-14-

National Bank v. County of Cook, 191 Ill. 2d 493, 518, 732 N.E.2d 528 (2000). In the interests of achieving a just result and maintaining a sound and uniform body of precedent, we will consider this issue. Village of Lake Villa v. Stokovich, 211 Ill. 2d 106, 121, 810 N.E.2d 13 (2004).

Pursuant to Section 13-102 of the Code, "[n]o person shall commence an action for the recovery of lands, nor make an entry thereon, by reason of the breach of a condition subsequent, unless within 7 years after the time that condition is first broken." 735 ILCS 5/13-102 (West 2006). In this case, the easement granting free parking to the hotel's patrons and guests was to continue "so long as" the hotel remained in operation. It further provided that "[c]easing to operate the subject hotel as a hotel business shall cause this easement to terminate immediately and without notice." As the easement in question provided that, when the hotel ceased operations, the right to free parking would automatically terminate without any reentry or other act on the part on the grantor, the easement does not contain a condition subsequent. See Pure Oil Co. v. Miller-McFarland Drilling Co., 376 Ill. 486, 495, 34 N.E.2d 854 (1941) (upon the breach of a condition subsequent, the property does not automatically return to the grantor, but he or she is entitled to reenter and repossess the estate when the stated condition

occurs). Moreover, an easement only provides a right or privilege in the use of another's property. <u>Matanky Realty Group, Inc. v. Katris</u>, 367 Ill. App. 3d 839, 842, 856 N.E.2d 579 (2006). Because the ownership interest in the land remains with the grantor (<u>Matanky Realty Group, Inc.</u>, 367 Ill. App. 3d at 842), it follows that no right of reentry or reverter is necessary to revest the grantor of an easement with absolute ownership (<u>Schnabel v. County of DuPage</u>, 101 Ill. App. 3d 553, 562-63, 428 N.E.2d 671 (1981)). For these reasons, we conclude that count I is not barred by the statute of limitations for breach of a condition subsequent contained in section 13-102 and, therefore, should not have been dismissed on that ground.

We reach a similar conclusion regarding the circuit court's dismissal of count I pursuant to section 13-101 of the Code (735 ILCS 5/13-101 (West 2006)). As previously discussed, section 13-101 requires 20 years of possession that must be (1) continuous; (2) hostile or adverse; (3) actual; (4) open, notorious, and exclusive; and (5) under a claim of title inconsistent with that of the true owner. <u>Joiner</u>, 85 Ill. 2d at 81; <u>Miller</u>, 374 Ill. App. 3d at 189-90. The record before us, however, does not establish continuous, adverse possession for a period of 20 years. To the contrary, the plaintiff alleged in its amended complaint that the hotel was not in operation from approximately

1986 until 1999. As a consequence, vehicles from the hotel could not have utilized the parking lot during that period. Even when the hotel reopened, there is no evidence that hotel patrons or guests were ever allowed to park on the plaintiff's property under the terms of the easement as originally written. Instead, Lewis Spector, the former manager of parking lot, attested in his affidavit that at no time after the hotel reopened in 1999 did its managers demand that hotel patrons or guests be permitted to park in the parking lot without charge. Leslie Barnard, a member of the defendant, also admitted in his deposition that neither he nor anyone involved in the day-to-day management of the hotel ever demanded that the hotel's patrons or guests be provided with free parking. Because the evidence fails to show the hotel's continuous and adverse use of the plaintiff's property for 20 years, section 13-101 has no application in this case. Accordingly, we conclude that the circuit court, likewise, erred in dismissing count I on that basis.

In a related argument, the plaintiff asserts that the circuit court erroneously denied its motion for leave to amend its complaint to change the year the hotel ceased operations from 1986 to 1988. In its briefs before this court, the plaintiff admits that it sought this amendment in order to avoid the 20-year statute of limitation contained in section 13-101. Having

previously found that section 13-101 is inapplicable to the facts of this case, we need not address the plaintiff's arguments in this regard.

The plaintiff also contends that it is entitled to summary judgment on count I of its complaint and asks this court to grant its motion in this regard. The record, however, reflects that the circuit court never addressed the merits of the plaintiff's motion for summary judgment, finding the motion moot because of its ruling that count I was time barred by sections 13-101 and 13-102. As a consequence, we decline to address this issue for the first time on appeal. See Universal Underwriters Insurance Co. v. Judge & James, Ltd., 372 Ill. App. 3d 372, 387-88, 865 N.E.2d 531 (2007).

Finally, the plaintiff argues that the circuit court erred in granting the defendant's motion for a directed finding on count II of its complaint. Again, we agree.

In a bench trial, section 2-1110 of the Code allows the defendant, at the close of the plaintiff's case in chief, to move for a directed finding in his or her favor. 735 ILCS 5/2-1110 (West 2006). In ruling on such a motion, a court must engage in a two-step analysis. Kokinis v. Kotrich, 81 Ill. 2d 151, 155, 407 N.E.2d 43 (1980). First, the court must determine as a matter of law whether the plaintiff has presented a prima facie

case. Zannini v. Reliance Insurance Co. of Illinois, 147 Ill. 2d 437, 449, 590 N.E.2d 457 (1992). That is to say, did the plaintiff present some evidence on every element essential to the cause of action? Kokinis, 81 Ill. 2d at 154. Second, if the plaintiff has presented some evidence on each element, the court then must consider and weigh the totality of the evidence presented, including evidence which is favorable to the defendant. People ex rel. Sherman v. Cryns, 203 Ill. 2d 264, 275-76, 786 N.E.2d 139 (2003). After weighing all the evidence, the court should determine, applying the standard of proof required for the underlying cause, whether sufficient evidence remains to establish the plaintiff's prima facie case. People ex. rel. Sherman, 203 Ill. 2d at 276.

If the circuit court finds that the plaintiff has failed to present a prima facie case as a matter of law, the standard of review is de novo. People ex rel. Sherman, 203 Ill. 2d at 275. If, however, the circuit court considers the weight and quality of the evidence and finds that no prima facie case remains, the circuit court's decision will not be disturbed on appeal unless it is against the manifest weight of the evidence. Zannini, 147 Ill. 2d at 449.

No. 1-09-2200

In granting the defendant's motion for a directed finding, the circuit court determined that the plaintiff failed to "sustain its burden." Specifically, the court noted that:

> "Although ingress and egress will be maintained in the manner in which it is presently used, the easement is very specific as to the boundaries and as to the use of the entire easement property for ingress, egress, and parking. Building of Phase I would violate [the] defendant's rights under the easement."

As the plaintiff correctly asserts, the circuit court did not make any credibility findings in reaching this conclusion and, instead, appears to have construed the easement as a matter of law. Consequently, we review the circuit court's ruling de novo. See People ex rel. Sherman, 203 Ill. 2d at 277.

In count II, the plaintiff sought a judicial declaration that, during and after the construction of the proposed development, the hotel's ingress and egress would be adequately maintained, and, as a consequence, the terms of the easement would not be violated. The essential elements of a declaratory judgment action are: (1) a plaintiff having a legal, tangible interest; (2) a defendant having an opposing interest; and (3)

-20-

the existence of an actual controversy between the parties concerning such interests. Beahringer v. Page, 204 Ill. 2d 363, 372, 789 N.E.2d 1216 (2003); Record-A-Hit, Inc. v. National Fire Insurance Co., 377 Ill. App. 3d 642, 645, 880 N.E.2d 205 (2007). In this case, the parties do not dispute that the defendant has an interest in this matter or that an actual controversy exits between the parties. Accordingly, we focus our consideration on whether the plaintiff presented some evidence that it had a legal, tangible interest.

As it did in the circuit court, the defendant maintains that its easement for ingress and egress would be violated if the plaintiff was allowed to build the proposed development. Noting that the legal description contained in the easement refers to parcels one through four of the plaintiff's property, the defendant asserts that it has the right of ingress and egress over these four parcels, an area 273.33 feet by 159 feet in size. According to the defendant, a portion of the proposed development would require permanent improvements to be built in parcels one through four, thereby preventing its access to this area.

Although the general boundaries of the easement are clearly defined by the legal description contained therein, the easement does not provide a specific width or location for the ingress and egress. Cf. Ogilby v. Donaldson's Floors, Inc., 13 Ill. 2d 305,

306, 148 N.E.2d 758 (1958) (easement "for the maintenance of the present alleyway from South Main Street to Wyman Street of the Southernly 20.15 feet in width of said lot 5"); <u>Seymour v. Harris Trust & Savings Bank of Chicago</u>, 264 Ill. App. 3d 583, 586 n.3, 636 N.E.2d 985 (1994) (easements over the "southeasterly twenty (20) feet of each said Lots 2, 3, & 4" and "southeasterly three (3) feet of said Lot 1"). Instead, the easement merely states that "[a]ll persons, by motor vehicle or otherwise, shall have the rights to ingress and egress in perpetuity to or from the property through and/or across the parking facility property." When unspecified, the dimensions of an easement will be construed as those reasonably necessary and convenient for the purposes for which the easement was created. <u>Koplin v. Hinsdale Hospital</u>, 207 Ill. App. 3d 219, 231, 564 N.E.2d 1347 (1990); <u>Vallas v. Johnson</u>, 72 Ill. App. 3d 281, 282, 390 N.E.2d 939 (1979). Contrary to the defendant's assertions, the easement only grants it an ingress and egress of a width and location reasonably necessary and convenient for its use, not the right to utilize the entire portion of the plaintiff's property contained in parcels one through four.[2]

_____

[2]The defendant also contends that the easement grants it the right to free parking throughout parcels one through four of the plaintiff's property, and that the proposed development would

Furthermore, the plaintiff, as the owner of the servient estate, may modify or relocate the easement, so long as the changes would not cause substantial harm to the dominant estate, in this case the defendant.  McGoey v. Brace, 395 Ill. App. 3d 847, 859, 918 N.E.2d 559 (2009); see also Restatement (Third) of Property § 4.8(3) (2000).   At trial, James Plunkard, the architect hired to design the proposed development, testified that the project could be completed without significant interference to the hotel's ingress and egress.  Plunkard further testified that, upon completion of the development, the hotel's ingress and egress would be essentially the same.  Luay Aboona, a traffic engineer retained by the plaintiff to evaluate the impact of the proposed development, also opined that, both during the construction and after the development is completed, access to the hotel property would be maintained.  Based on the record before us, it cannot be said the plaintiff failed to present any evidence establishing that the defendant would not be

_____

violate that right.  In light of our previous conclusion that the circuit court erred in dismissing count I of the plaintiff's amended complaint, the question of whether the defendant's right to free parking ended after the original hotel ceased operation remains unresolved.  Accordingly, it would be premature for us to address this issue on appeal.

substantially harmed by the proposed modifications to the easement for ingress and egress. In fact, after hearing the plaintiff's case in chief, the circuit court determined that "ingress and egress will be maintained in the manner in which it is presently used."

Under the facts of this case, we find that the plaintiff presented some evidence that it had the legal right to modify the easement for ingress and egress. We, therefore, conclude that the plaintiff established a prima facie case for a declaratory judgment action. Consequently, the circuit court erred in granting the defendant's motion for a directed finding on count II.

For the foregoing reasons, we reverse the circuit court's dismissal of counts I and III, reverse the entry of a directed finding on count II, and remand the matter to the circuit court for further proceedings.

Reversed and remanded.

CUNNINGHAM, P.J., and THEIS, J., concur.

No. 1-09-2200

| | |
|---|---|
| Please use the following form:<br><br>Complete TITLE of Case. | **527 S. CLINTON, LLC, an Illinois limited liability company,**<br><br>**Plaintiff-Appellant,**<br><br>v.<br><br>**WESTLOOP EQUITIES, LLC, an Illinois limited liability company,**<br><br>**Defendant-Appellee.** |
| Docket No.<br><br>Court<br><br>Opinion Filed | No. **1-09-2200**<br><br>Appellate Court of Illinois<br>First District, **Second** Division<br><br>**July 20** ,2010<br>(Give month, day and year) |
| JUSTICES | **JUSTICE THOMAS E. HOFFMAN,** delivered the opinion of the Court.<br><br>**CUNNINGHAM, P.J. THEIS, J.** , concur[s].<br><br>_____ , dissent. |
| Appeal from the Circuit Court of Cook County; the Judge Presiding. | Lower Court and trial Judge(s) in form indicated in margin:<br><br>Appeal from the Circuit Court of Cook County.<br><br>The Hon. **MARTIN S. AGRAN** , Judge(s) Presiding. |
| For Appellants, John Doe, of Chicago.<br><br>For Appellees, Smith & Smith, of Chicago.<br><br>Also add attorneys for third party appellants and/or | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>FOR APPELLANT(s): Kevin M. Forde, Joanne R. Driscoll and Melissa G. Lafferty, of Chicago & of counsel.<br><br>FOR APPELLEE(s): Robert A. Egan, P.C., of Chicago & of counsel. |

**appellees.**