# ILLINOIS OFFICIAL REPORTS
## Appellate Court

***Catholic Bishop of Chicago v. Chicago Title & Trust Co.*, 2011 IL App (1st) 102389**

| | |
|---|---|
| Appellate Court Caption | CATHOLIC BISHOP OF CHICAGO, an Illinois Corporation Sole, Plaintiff-Appellee, v. CHICAGO TITLE AND TRUST COMPANY, as Trustee Under Trust Agreement Dated July 7, 1993 and Known as Trust No. 1098385; and NICK KARRIS, Beneficiary of Trust Agreement Dated July 7, 1993 and Known as Trust No. 1098385, Defendants-Appellants (Ole, Inc., an Illinois Corporation, d/b/a 1492 Tapas, Defendant). |
| District & No. | First District, Third Division<br>Docket No. 1–10–2389 |
| Filed | June 29, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action seeking a declaratory judgment that defendants' claim of a prescriptive easement over a walkway on plaintiff's property was invalid, the trial court properly granted partial summary judgment in plaintiff's favor on the ground that defendants failed to establish exclusivity, since defendants failed to demonstrate that their possession of the walkway was exclusive, and in Illinois, exclusivity is a necessary element to establish an easement by prescription and the burden of proving a prescriptive right, including the element of exclusivity, is on the party alleging that right. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08–CH–29795; the Hon. LeRoy Martin, Judge, presiding. |

| Judgment | Affirmed. |
|---|---|
| Counsel on Appeal | Collins, Bargione & Vuckovich, of Chicago (George B. Collins and Adrian Vuckovich, of counsel), for appellants. |
| | Burke, Warren, MacKay & Serritella, P.C., of Chicago (Jay S. Dobrutsky and Alexander D. Marks, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion. |
| | Justices Neville and Steele concurred in the judgment and opinion |

**OPINION**

¶ 1    Plaintiff, Catholic Bishop of Chicago (Catholic Bishop), sought a declaratory judgment that defendants' claim of a prescriptive easement over a walkway on plaintiff's property was invalid. The circuit court granted summary judgment in plaintiff's favor because defendants had not established exclusivity, where the Catholic Bishop, as owner, had not been altogether deprived of the use of the walkway. The issue before this court is whether "exclusivity" is a necessary element to establish an easement by prescription. For the following reasons, we hold that exclusivity is a necessary element for a prescriptive easement and affirm the grant of summary judgment in plaintiff's favor.

¶ 2                                I. BACKGROUND

¶ 3    On October 3, 2007, defendants Chicago Title & Trust Company and Nick Karris (defendants or Karris) recorded a claim of easement with the Cook County recorder of deeds, asserting an easement over a narrow walkway that bifurcates private property owned by the Catholic Bishop. The subject property owned by the Catholic Bishop is located at 38 East Superior Street, in Chicago. The property is improved with a building that is used as a residence hall, a small fenced-in parking lot for six to eight vehicles, and the paved walkway at issue that bifurcates the subject property. Directly adjacent to the eastern boundary of the Catholic Bishop's property is a land parcel known as 40 East Superior Street, Chicago, Illinois, title to which is held in trust by defendant Chicago Title & Trust for the benefit of defendant Karris.

¶ 4    Defendants' adjacent property is improved with a three-story building, which was leased to Ole, Inc., to operate a restaurant known as "1492 Tapas." Defendants' building includes a front entrance facing south, with access to Superior Street. Ole, Inc., has used the side door, facing west, of defendants' building for access to the walkway on the Catholic Bishop's

-2-

property in order to access Wabash Avenue to remove trash, receive deliveries, and provide an employee entrance. Defendants' claim of easement purported to state an implied easement on the walkway based upon (1) easement by prescription; (2) easement by reason of use as a public roadway; and (3) easement by necessity. Defendants' claim of easement stated that their rights were for the "nonexclusive" use of the walkway.

¶ 5    On August 14, 2000, the Catholic Bishop filed a two-count complaint seeking a declaratory judgment that defendants' claim of easement was invalid (count I) and asserting a claim of trespass against defendants unrelated to the purported easement (count II).

¶ 6    Defendants responded to the Catholic Bishop's amended complaint for declaratory judgment. In response to the allegation that "at no relevant time has the Catholic Bishop been altogether deprived of the use and possession of the Walkway," defendants stated, "The nature of the Easement does not deprive the Bishop or the Fire Department of access to or across the Easement property." The Catholic Bishop served requests to admit on defendants, including to admit "that [the] Catholic Bishop has used the walkway during the Easement Period." Defendants denied this request to admit, but also stated that "Karris has no knowledge of any use of the easement by the Catholic Bishop."

¶ 7    During hearings before the circuit court, defense counsel argued that the element of "exclusivity" for a prescriptive easement "means that we have the right to use it and nobody has the right to stop us. It doesn't mean that someone else can't use it too. Obviously if the Bishop wishes to walk this alleyway he can. Actually anyone can. But we use it every day and we've used it for over twenty years." Defense counsel argued that defendants' use of the walkway was "the critical fact" and that the Catholic Bishop "own[s] the ground, they can walk upon it."

¶ 8    On January 28, 2010, the Catholic Bishop filed a motion for partial summary judgment as to count I regarding defendants' claim of easement. With respect to defendants' claim of a prescriptive easement over the walkway, the Catholic Bishop argued that defendants failed to show that the use of the land was exclusive where defendants did not establish that the Catholic Bishop was deprived of use of the walkway during the relevant time period. Defendants maintained that the possible use by the Catholic Bishop during the relevant time period did not destroy defendants' prescriptive easement over the walkway.

¶ 9    On July 30, 2010, the circuit court entered an order granting the Catholic Bishop's motion for partial summary judgment as to count I regarding defendants' claim of easement over the walkway by prescription, necessity, and public use based on "reasons stated in open court." The circuit court's order included a finding under Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) that there was no just reason to delay either enforcement or appeal from its order. The record of court proceedings on July 30, 2010 shows that defense counsel stated, "Your Honor ruled that the walkway was not an easement because the Catholic Bishop could walk upon it himself." The court responded, "Not simply could, but did apparently." Defendants now appeal the circuit court's grant of partial summary judgment solely as to their claim of a prescriptive easement over the walkway.

¶ 10                                   II. ANALYSIS

¶ 11                              A. Standard of Review

¶ 12     Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file, when taken in the light most favorable to the nonmovant, show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2008); *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). Our review of the circuit court's grant of summary judgment is *de novo. Williams*, 228 Ill. 2d at 417.

¶ 13                            B. Easement by Prescription

¶ 14     Under Illinois law, an easement obtained by prescription is based on the same principles as title obtained by adverse possession. *Chicago Steel Rule Die & Fabricators Co. v. Malan Construction Co.*, 200 Ill. App. 3d 701, 705 (1990) (citing *Rita Sales Corp. v. Bartlett*, 129 Ill. App. 2d 45, 51-52 (1970)). Thus, to establish an easement by prescription, a claimant must show that the use of the land was: hostile or adverse, exclusive, continuous, uninterrupted, and under a claim of right or title inconsistent with that of the true owner. *Chicago Steel*, 200 Ill. App. 3d at 705-56; *City of Des Plaines v. Redella*, 365 Ill. App. 3d 68, 76 (2006); *527 S. Clinton, LLC v. Westloop Equities, LLC*, 403 Ill. App. 3d 42, 49 (2010); *Bogner v. Villiger*, 343 Ill. App. 3d 264, 270 (2003). These elements must have shared a concurrent existence for a period of 20 years. 735 ILCS 5/13–101 (West 2008); *Chicago Steel*, 200 Ill. App. 3d at 706. All presumptions are in favor of the titleholder, and the burden of proving a prescriptive right, which must be clearly and unequivocally proved, is on the party alleging such right. *Bogner*, 343 Ill. App. 3d at 270; *Illinois District of American Turners, Inc. v. Rieger*, 329 Ill. App. 3d 1063, 1073 (2002).

¶ 15                             1. Element of Exclusivity

¶ 16     The question before this court is whether defendants demonstrated that their use of the walkway was exclusive, such that a genuine issue of material fact remains to preclude summary judgment in this case.

¶ 17     In *Chicago Steel*, this court explained that the party claiming exclusivity need not show that he possessed the property to the exclusion of all others. *Chicago Steel*, 200 Ill. App. 3d at 707. However, because exclusivity requires that the claimant possess the property independent of a like right in others, the rightful owner must be "altogether deprived of possession." *Chicago Steel*, 200 Ill. App. 3d at 707. This court explained, " 'A joint possession by two, even though the claim of each is adverse to the other, will not be disseizin [a deprivation of possession] unless the rightful owner is altogether deprived of possession.' " *Chicago Steel*, 200 Ill. App. 3d at 707 (quoting *Towle v. Quante*, 246 Ill. 568, 576 (1910)).

¶ 18     In *Chicago Steel*, this court affirmed the circuit court's dismissal of the plaintiff's complaint seeking a declaratory judgment that it had a prescriptive easement over a roadway. This court found, *inter alia*, that the plaintiff failed to allege sufficient facts to state a cause

of action for a declaration of a prescriptive easement where there was "no allegation that the true owners were deprived of use or possession of the roadway." *Chicago Steel*, 200 Ill. App. 3d at 707.

¶ 19     In *City of Des Plaines*, this court followed its previous decision in *Chicago Steel* that the establishment of an easement by prescription requires a claimant to show its use of the land was exclusive, such that "the true owners were deprived of use or possession" of the land. *City of Des Plaines*, 365 Ill. App. 3d at 76. In *City of Des Plaines*, this court reversed the award of summary judgment because genuine issues of material fact remained as to whether the general public's use of a private road altogether deprived the true owners of the use of the easement for the statutory period, such that a public highway had been created by prescriptive easement. *City of Des Plaines*, 365 Ill. App. 3d at 76-77.

¶ 20     Here, as in *Chicago Steel* and *City of Des Plaines*, defendants did not allege in their pleadings that the Catholic Bishop, the true owner, had been altogether deprived of use of the walkway. Defendants argue on appeal that the "possibility that the underlying property owner might walk on the property" does not defeat their claim of a prescriptive easement. However, the record shows that the circuit court determined that the Catholic Bishop "did apparently" walk on the walkway. The record also shows that in response to the allegation that "at no relevant time has the Catholic Bishop been altogether deprived of the use and possession of the Walkway," defendants stated, "The nature of the Easement does not deprive the Bishop or the Fire Department, of access to or across the Easement property." Further, during arguments before the circuit court, defense counsel stated: "Obviously if the Bishop wishes to walk this alleyway he can. Actually anyone can. But we use it every day and we've used it for over twenty years." Defense counsel also argued that defendants' use of the walkway was "the critical fact" and that the Catholic Bishop "own[s] the ground, they can walk upon it." Therefore, defendants failed to demonstrate that its possession of the walkway was exclusive and we affirm the circuit court's grant of partial summary judgment.

¶ 21         2. Defendants' Argument That Exclusivity Does Not Require
                    an Owner Be Altogether Deprived of Use

¶ 22     Defendants, nonetheless, argue that in order to establish an easement by prescription, the element of exclusivity did not require defendants to establish that the true owner was altogether deprived of use of the walkway. Defendants cite several cases to support their argument that a prescriptive easement may be upheld where both the claimant and true owner use the land. However, we find that the cases cited by defendants are inapposite because they do not address the element of exclusivity, which requires that the true owner be altogether deprived of use, for establishing a prescriptive easement.

¶ 23     Defendants first rely on *Wehde v. Regional Transportation Authority,* 237 Ill. App. 3d 664 (1992), to support their argument. In *Wehde*, the owners of two land parcels claimed a prescriptive easement to a railroad crossing over tracks owned by Metra. In reversing the judgment entered in favor of Metra, the appellate court found that a genuine issue of material fact existed concerning the adverse, open, notorious, and continuous use of the crossing by the property owners. *Wehde*, 237 Ill. App. 3d at 681-82. Specifically, the appellate court

found that there was evidence that the crossing was torn down, but the record did not indicate which party tore down the crossing. As a result, the court found that it could not conclude that the statutory period for establishing a prescriptive easement was interrupted by the destruction of the crossing. *Wehde*, 237 Ill. App. 3d at 682. The court explained, "not every slight or occasional use of the land, even by the owner, will constitute an interruption." *Wehde*, 237 Ill. App. 3d at 681. Contrary to defendants' argument, the court in *Wehde* did not address the element of exclusivity with respect to an owner's use of land, but rather, the court considered when an interruption in a claimant's use of the land will stop the running of the statutory easement period. *Wehde*, 237 Ill. App. 3d at 681-82.

¶ 24    Defendants also rely on *Petersen v. Corrubia*, 21 Ill. 2d 525 (1961), to argue that exclusivity does not require that the true owner be altogether deprived of use of the land. In *Petersen*, the plaintiff claimed a prescriptive easement to an alley running behind her and four defendants' contiguous business properties. *Petersen*, 21 Ill. 2d at 529-30. Our supreme court rejected the defendants' contention that the plaintiff disavowed a claim of right to any use of the areaway and upheld the easement by prescription. *Petersen*, 21 Ill. 2d at 533-34. We find the decision in *Petersen* inapplicable to the present case where the parties did not address the issue of exclusivity and our supreme court did not reach the issue in that case.

¶ 25    Defendants next rely on *Thorworth v. Scheets*, 269 Ill. 573 (1915), in support of their argument that a true owner's use of land does not defeat an easement by prescription. In *Scheets*, our supreme court upheld a prescriptive easement based on public use, claimed by business owners whose properties were situated along a common alleyway against the defendant, who owned one of the lots and also used the alleyway. *Thorworth*, 269 Ill. at 582-84. Again, neither the parties nor our supreme court addressed the element of exclusivity in that case.

¶ 26    Defendants further rely on *Limestone Development Corp. v. Village of Lemont*, 284 Ill. App. 3d 848 (1996), to argue that the true owner's use does not defeat a prescriptive easement. However, in *Limestone*, this court determined that a prescriptive easement by public use had been established and explained that the extent of the prescriptive easement would be determined by the "prescriptive use that led to the easement's creation." *Limestone*, 284 Ill. App. 3d at 855. This court noted that the true owner's use of the land was irrelevant to determine the scope of the prescriptive easement. *Limestone*, 284 Ill. App. 3d at 856. Thus, *Limestone* did not consider the element of exclusivity or whether the true owner must be altogether deprived of use of the land for a claim of easement by prescription.

¶ 27    Defendants lastly rely on *Schultz v. Kant*, 148 Ill. App. 3d 565 (1986), to support their argument. In *Schultz*, the appellate court upheld the finding of a prescriptive easement running along a river situated on two adjacent lots. In *Schultz*, the true owner challenged the finding that the plaintiffs had used the roadway during the easement period in an open manner, such that his knowledge of the use could be inferred. *Schultz*, 148 Ill. App. 3d at 570. The appellate court considered the owner's testimony that he was extremely familiar with the areas surrounding his property and plaintiffs' property, including defendant's testimony that he walked down the river, traveled down the river by boat, and even had flown over it. *Schultz*, 148 Ill. App. 3d at 570. The appellate court found that the evidence showed that the defendant possessed actual, as well as inferred, knowledge of the plaintiffs' use of

the roadway. *Schultz*, 148 Ill. App. 3d at 571. The appellate court noted that the defendant did not challenge the other elements for a prescriptive easement and, therefore, "assume[ed] that defendant does not disagree with the trial court's findings that plaintiffs' use of the roadway was uninterrupted, continuous, and exclusive." *Schultz*, 148 Ill. App. 3d at 570. Therefore, contrary to defendants' contention, the appellate court in *Schultz* did not consider the true owner's use of land with respect to the element of exclusivity to establish an easement by prescription.

¶ 28                                    3. Courts in Other Jurisdictions

¶ 29        Defendants also argue that this court should adopt the view of the majority of courts that either relax or do not require the element of exclusivity for a claim of prescriptive easement as it does for a claim of adverse possession. Defendants cite a law review article that examines the differences between adverse possession and easements by prescription and suggests that since a majority of courts do not apply the exclusiveness requirement with any effect, exclusiveness should be eliminated as a requirement for obtaining a prescriptive easement. Dena Cohen, *Exclusiveness in the Law of Prescription*, 8 Cardozo L. Rev. 611 (1987).

¶ 30        While the Cardozo Law Review article does explain that a majority of courts do not give effect to the requirement of exclusiveness, the article also notes that a "sizeable minority of courts view exclusiveness as essential" for easements by prescription. *Id.* at 625-26. The article notes that this minority of courts looks for the same acts in prescriptive easement claims as they do for title claims by adverse possession. *Id.* at 626. The article explains that there are merits to a strict exclusiveness requirement, including the consideration that prescriptive claims, like claims of title by adverse possession, generally are disfavored since they transfer property rights without the landowner's consent. The article explains:

> "A strict exclusiveness requirement encourages a claimant to exclude the landowner who seeks to participate in the use in order to continue his prescriptive claim. If this occurs, the landowner receives clear notice that his rights are being invaded and he has an opportunity to prevent the easement from arising. Additionally, once a claimant knows that he must exclude others, he will be encouraged to bargain with the landowner for an easement by grant. In this way, both the claimant and the landowner gain something in exchange for the transfer. Moreover, if the claimant successfully uses the land exclusively for the prescriptive period, this indicates that the landowner has not kept himself informed about his land or does not care that it is being used by another. In either case, the usual hesitancy surrounding land transfers is diminished." *Id.* at 626-27.

This court's previous holdings in *Chicago Steel* and *City of Des Plaines* make clear that in Illinois, exclusivity is a necessary element to establish an easement by prescription. *Chicago Steel*, 200 Ill. App. 3d at 705; *City of Des Plaines*, 365 Ill. App. 3d at 76. Since prescriptive easements over land, being acquired in the manner of adverse possession, are disfavored in law, the burden of proving a prescriptive right, including the element of exclusivity, is on the party alleging such right. *Bogner*, 343 Ill. App. 3d at 270, *Illinois District of American*

*Turners, Inc. v. Rieger*, 329 Ill. App. 3d 1063, 1073 (2002).

¶ 31    We find no reason to depart from this court's previous holdings that require the element of exclusivity to establish an easement by prescription.

¶ 32                                 III. CONCLUSION

¶ 33    For the above reasons, we affirm the partial grant of summary judgment in favor of the Catholic Bishop where defendants failed to establish the element of exclusivity as required for a claim of easement by prescription.

¶ 34    Affirmed.